WILLIAM McWILLIAMS v. THE STATE OF TEXAS.

PRACTICE.—The admission of illegal evidence of an important fact material and pertinent to the issue, and which is additional to other facts legally in evidence, is erroneous, and a conviction will not be permitted to stand, however certain it may be that the jury would

have found a verdict of guilty upon other sufficient evidence adduced on the trial.

APPEAL from Hopkins.    Tried below before the Hon. W. H. Andrews.

No brief for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendants, William Mc-Williams, W. T. Prather, and Henry Waltman, were jointly indicted for the theft of " one steer, said steer being of cattle kind, the property of Cyrus Clendining." Upon severance McWilliams was put upon his trial and convicted.

The prosecution was dismissed as to Waltman, and he was made a witness for the State against McWilliams on the trial. He testified to the facts that he had been employed by Prather to help him drive the steer from the country to the town of Sulphur Springs ; that there in the night McWilliams was for the first time seen by him with Prather, and that he, McWilliams, and Prather went with the witness Roberts to the pen where the steer was confined to be sold to Roberts. It would seem that this witness did not tell upon his examination in court as much against McWilliams, in reference to his participation with Prather in taking the steer in the country, as was expected from his previous representations, while a prisoner, to his own attorney, Hunter, upon the strength of which representations he had been allowed by the district attorney to become a witness for the State. Upon being asked a question which brought his attention to this omission in his evidence, he said he did not remember what he stated to Hunter, being then troubled and having made the statements to get the prosecution against him dismissed, but that he was willing for Hunter to state what he had then said to him on the subject, where-upon Hunter was examined as a witness for the State, and stated that Waltman, while a prisoner, stated to him, Hun-

ter, that while he and Prather were driving the steer they "on their way got in company with defendant, McWilliams, at the Ofiel farm, some eight miles from Sulphur Springs, and that Prather asked defendant, McWilliams, to help him, Prather, to carry said steer to town, when defendant, McWilliams, said that he, defendant, would if he, Prather, would give him, defendant, an interest in said steer, whereupon Prather said he would give him, defendant, McWilliams, an interest, and upon that McWilliams came on with them and helped bring the steer to town."

To this evidence of Hunter the defendant excepted on the trial, as appears by a bill of exceptions, and the legality of its admission is the only question in the case.

This was evidence of a most important additional fact in aid of other facts already proved by Roberts, and tended to complete the full proof that McWilliams was equally concerned with Prather in stealing the steer, by aiding him to bring it from the country to town, where it was to be disposed of by them as partners in interest in the stolen animal. It is not material to consider whether the jury might or might not have come to the same conclusion, (that he was so equally concerned with Prather,) upon the other evidence already adduced, without considering Hunter's evidence at all. For being evidence of an additional important fact material and pertinent to the issue, its admission, if illegal, would be erroneous, and must be so held by this court, however certainly we might conclude that the defendant would have been found guilty upon other sufficient evidence without Hunter's evidence.

The evidence of Hunter was inadmissible in every point of view that it can be considered.

If offered as the confession of one of several confederates in a crime, made after its commission, to his attorney, and while a prisoner, it was no legal evidence against another one, and being made as a communication of client to his counsel, it should not have been allowed to be disclosed,

and he being a prisoner under guard, and an inducement held out to him to make the statement, it was worthless as an admission against himself, as a confederate in crime, and could have no greater effect against any one else, whatever he might have said.

If offered as the statement of a witness to the transaction, who was not a participant in the crime, as Waltman stated himself to be, then it was merely hearsay evidence, and the person whose hearsay statement was detailed was on the stand, and would not repeat it as true.

If offered in explanation of the attorney's conduct in making a bargain with the district attorney for the dismission of the prosecution against Waltman, and to show that Waltman, and not the attorney, had acted in bad faith, in relation to his omission to swear on the stand what he had said to his counsel, it was equally inadmissible, being an outside issue between the district attorney, Waltman, and his attorney, Hunter, that should not have been settled in this trial to the prejudice of the defendant. Upon no principle whatever, and for no legal purpose that can be imagined, could so extraordinary a departure from the plain rules of evidence in a criminal trial be tolerated.

REVERSED AND REMANDED.