## HELEN BIGBY *v.* THE STATE.

1. INDICTMENT. — It is sufficient if the indictment pursues the language of the statute, if by so doing the act in the commission of which the offence consists is fully, directly, and expressly alleged, without uncertainty or ambiguity.

2. EVIDENCE. — If the guilt of a defendant indicted for a misdemeanor is made out by proper evidence, in such a way as to leave no doubt in the mind of a reasonable man, a judgment of conviction will not be set aside because immaterial evidence was received.

3. CHARGE OF THE COURT. — While the failure of the court, in a trial for keeping a disorderly house, to define the meaning of the word "prostitution," in the charge to the jury, is not fatal to the judgment, still it were best had such definition been given.

APPEAL from the County Court of Smith. Tried below before the Hon. G. W. SMITH, County Judge.

The opinion sufficiently states the case.

*Reaves, Dodd & Reaves,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J. An information was filed in the County Court of Smith County, at its February term, 1878, against appellant, Helen Bigby, and one Thomas Albertson, jointly, charging them with the offence of keeping a disorderly house for the purpose of public prostitution. Defendants were granted a severance on the trial.

By article 396 of the Penal Code, " a disorderly house is one kept for the purpose of public prostitution, or as a common resort for prostitutes," etc. The information in this case is framed under the first paragraph of this article. It sufficiently defines the offence, and sets it forth substantially in the words of the above article. We are of opinion that this is a case in which an information so framed is suf-

ficient, because no allegation of anything more than these words import is necessary to show that defendant has committed the statutory offence. According to the rules of pleading, it is sufficient in an indictment to pursue the very words of the statute, if by so doing the act in the doing of which the offence consists is fully, directly, and expressly alleged, without any uncertainty or ambiguity. The motion in arrest of judgment was properly overruled.

We find no error in the charge of the court. The court did not err in refusing to give the instructions asked by the defendant. A part of them were substantially embraced in the charge given, and this the court was not required to repeat. And the others were either not the law, or were not applicable to the case made by the evidence.

It, perhaps, would have been better for the court to have instructed the jury as to the meaning of the word " prostitution." A failure to do this is not fatal, we think, to the judgment, as the meaning of the word in the connection used is so well understood in its usual acceptation in common language.

The court may have erred in admitting the testimony of Hockersmith, Hunt, and others, as to the financial standing and visible means of support of the appellant; still, we cannot say that the judgment should be reversed for the admission of this evidence. In criminal cases, courts will rarely presume that the particular evidence which had been wrongfully admitted could have had no influence on the deliberations of the jury. Whart. Cr. Law, 7th rev. ed., sec. 3258.

In the case of Mc Williams v. The State, 44 Texas, 116, the court held that the admission of illegal evidence of an important fact, material and pertinent to the issue, and which is additional to other facts legally in evidence, is erroneous, and a conviction will not be permitted to stand, however certain it may be that the jury would have found a

verdict of guilty upon other sufficient evidence adduced on the trial.

We believe, however, in a case of misdemeanor, if the prisoner's guilt be clearly made out by proper evidence, in such a way as to leave no doubt in the mind of a reasonable man, his conviction ought not to be set aside because some other immaterial evidence was received which ought not to have been. See *The State* v. *Ford*, 3 Strobh. 517; 2 Russ. on Cr. 539.

This case was clearly made out by proper evidence. We deem it unnecessary to notice *seriatim* all the points raised in the record, and deem it only necessary to say, further, that we find nothing in the case that requires a reversal of the judgment. It is, therefore, affirmed.

*Affirmed.*