[No. 1891.]

Arch Saddler v. The State.

1. Theft — Case Distinguished.— See the opinion *in extenso* for the distinction between this case, and its companion, *Jackson* v. *The State, ante,* p. 190.
2. Same — Evidence.— Any evidence from which the jury can infer the value of a stolen chattel is competent; as the testimony of the owner as to its value to him; the opinions of witnesses as to the value of like property, and what such property has realized at actual sales.
3. Same — Charge of the Court.— With respect to the value of the property alleged to be stolen, it is the duty of the trial court to charge the jury upon the standard of value, which is the market value of the article if it have such value, and, if not, the amount it would cost to replace it. See the statement of the case for a charge upon the subject *held* correct.
4. Practice — Evidence.— A correct rule of evidence is thus stated: "The admission of illegal evidence of an important fact, material and pertinent to the issue, and which is additional to other facts legally in evidence, is erroneous; and a conviction in such case will not be permitted to stand, however certain it may be that the jury would have found a verdict of guilty upon other sufficient evidence adduced on the trial." This rule, however, does not apply in a case like the present, wherein the illegal evidence was neither important, material nor pertinent, and wherein the error of admitting the evidence was error without prejudice, and therefore not reversible error. See the opinion, and the statement of the case in *Jackson* v. *The State, ante,* p. 190, for the evidence referred to.

Appeal from the District Court of Red River. Tried below before the Hon. D. H. Scott.

At his separate trial upon the same indictment which charged Jesse Jackson, this appellant was convicted of the theft of a gun, of value exceeding $20, the property of W. A. Reeves, from the possession of F. W. Reeves, in Red River county, Texas, on the 27th day of October, 1885. The penalty assessed against the appellant was a term of two years in the penitentiary. The evidence upon which this conviction was had is substantially the same as that adduced upon the trial of Jackson, and which is set out at length in the report of that case, beginning on page 190 of this volume.

The charge of the court referred to in the third head-note of this report reads as follows:

"4. The rule of law as to the value of the gun alleged to have been stolen is its market value at the time and place of the taking, in its condition at that time,— that is, what it would sell for in cash, giving a reasonable time for selling it."

The motion for new trial raised the questions discussed in the opinion.

*Wright & Shaw*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to *Jackson* v. *The State*, decided at the present term with a reversal of the judgment. (*Ante*, p. 190.) The parties were jointly indicted for theft of the gun. In the Jackson case he was never seen in possession of the gun, and the law upon that aspect of the case was not sufficiently explained to the jury, nor was any instruction given them relative to crime dependent for proof upon circumstantial evidence. In this case the charge of the court cures the defects pointed out in the charge in the former case in all the essential particulars. Saddler, this appellant, was seen in possession of the gun just after it was taken, and he had possession, and it was recovered from his possession by the owner, some four hours afterwards. There is, therefore, a material and plainly marked distinction between the attitude of the parties with reference to the theft.

Bills of exception were reserved to the rulings of the court upon the admissibility of evidence. With regard to the proofs admitted as to the value of the gun, and in the charge of the court upon that question, we see no error. "Any evidence from which the jury can infer the value of a stolen chattel is evidence; as, for instance, what the owner testifies of its value to him; the opinions of witnesses acquainted with the value of like property; what such property has brought at actual sales," etc. · "It is the duty of the court to charge upon the standard of value, which is the market value of the article if it have such value, and, if not, the amount it would cost to replace it." (*Martinez* v. *The State*, 16 Texas Ct. App., 122.)

In this as in Jackson's case the witness Myers was permitted to testify that he informed Reeves, the owner of the gun, as to his "suspicions" with regard to two parties he had seen in the field near the place from which the gun was taken. This testimony, it is true, was inadmissible. But the question is, was it of a material character and prejudicial to defendant's interests? Here the party was pursued and the stolen gun actually found in his possession. Could the statements by Myers of his "suspicions" have any appreciable weight upon the question of his guilt? We think not. His suspicions were neither important, material or pertinent to the issue, when considered in the light of the other facts in this case. We do not dispute the settled rule that "the admission of illegal evidence of an important fact material and pertinent to the issue,.

and which is additional to other facts legally in evidence, is erroneous, and that a conviction in such case will not be permitted to stand, however certain it may be that the jury would have found a verdict of guilty upon other sufficient evidence adduced on the trial." (*Mc Williams* v. *The State*, 44 Texas, 116.) But in this case the rule does not apply, because in the light of the facts the illegal evidence was neither important, material nor pertinent, and the error of its admission was error without prejudice, which is not reversible error.

The record discloses no error for which the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

[Opinion delivered January 27, 1886.]