# RAY ONEAN SKINNER V. THE STATE.

No. 22239. Delivered October 28, 1942.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for rape. The punishment assessed is confinement in the State penitentiary for a term of five years.

The evidence adduced by the State, briefly stated, shows that on the night of August 2, 1941, appellant had a date with the injured female to take her to a show. He came for her about sundown or a little later. She got in the automobile with him, but instead of going to a show he took her to the Rosa Lee Tavern, where they ate some sandwiches. From there they went to Gladewater. When they arrived at Hawk's store, he turned to the left to a service station and purchased some gasoline. From there they went down the road a short distance, where he turned off on a side road and stopped. He there asked her to marry him, but she declined to do so. He then said, "Well, you are going to marry me." When he made this remark, she became frightened and said, "Let's go home," but he made no effort to go. She then got out of the car with the intention of walking home. He also got out of the car, struck her on the face and on the jaw, knocked her down, jerked the seat out of her underwear and had an act of sexual intercourse with her. After he had completed the act, she told him that she would marry him, with no intent of doing so but to prevent him from killing her. From there they went by the Rosa Lee

Tavern to the Broken Mirror (a cafe) where she leaped from the car and ran to a man by the name of Aubrey Snelson, whom she knew, and told him something, and from there she and Snelson went to the store where her brothers were and reported the occurrence to them. She was immediately taken to a hospital where Dr. Price made an examination of her person. He found her face pretty well bruised around her eyes, lips and cheeks. Her hymen had been very recently ruptured and she was bleeding. There was blood around her thighs. There were also fresh blood clots about the lacerated parts of her hymen.

The officers immediately instituted a search for appellant but failed to locate him until about the 2nd day of January, 1942.

Appellant took the witness stand and testified in his own behalf. His testimony coincides with that of the injured female except as to the use of force. He said that she consented to the act and denied that he struck her. He admitted, however, that he went home immediately, gathered up his clothes and left for Homer, Louisiana, some 300 miles away, and did not return until about the first day of January, 1942, when he was arrested. We deem the evidence sufficient upon which the jury could base their conclusion of his guilt.

By Bill of Exception No. 1 appellant complains because the injured female was permitted to testify that on one occasion she had gone with a man named Ethridge, Mata Johnson and appellant; that Johnson did not do anything improper, and that Ethridge at no time made any improper advances toward her in the presence of appellant, to all of which he objected to on the ground that it was irrelevant and immaterial; that it called for a conclusion as to what constituted improper advances and was highly prejudicial. The court qualified the bill and in his qualification states that the testimony was admitted after defendant's counsel, on cross-examination, had elicited from the witness that she had been in a number of night clubs and on several occasions had gone riding with Ethridge Gorsage and Mata Johnson. While the testimony was irrelevant, we fail to see how the same was prejudicial. The mere fact that the injured female went riding on other occasions with the three named persons, who conducted themselves as gentlemen, could not have any prejudicial effect on the rights of the appellant. This court will not reverse a judgment of conviction because of the admission of some irrelevant and immaterial evidence unless it prejudicially affected the appellant in his legal rights.

See Cole v. State, 48 Tex. Cr. R. 439 (433); Jinks v. State, 35 Tex. Cr. R. 365.

By Bills of Exception Nos. 2 and 3 appellant complains of the testimony given by Charlie Lisle to the effect that on the night in question he saw the injured female at the Eagle Bar Cafe; that one of her brothers met him there and she told him what Skinner had done; that the next morning he had a warrant issued for the arrest of appellant. Appellant objected to this testimony on the ground that it was hearsay, was not res gestae of the transaction, and was too remote. This bill is qualified by the court who states that both the defendant and the injured party went immediately from the place of the commission of the rape to the Eagle Bar Cafe where she leaped from the automobile of defendant and ran to a friend and had him take her immediately to her brother, and there she saw Charlie Lisle, the officer, and told him what had happened. The bill, as thus qualified, fails to reflect any error. In our opinion, what she told her brother in the presence of the officer comes within the rule of res gestae. She had not only been raped but severely beaten, and as soon as she saw an opportunity to get away from appellant and secure protection she did so and made a report thereof. See McIntosh v. State, 85 Tex. Cr. R. 417; Shipp v. State, 132 Tex. Cr. R. 274; Hart v. State, 138 S. W. (2d) 818.

Bills of Exception Nos. 3 and 4 complain of the testimony given by Charlie Lisle to the effect that he was an officer; that after the injured female told him what had occurred, he had a warrant issued for appellant's arrest; that he notified the Sheriff's Department and Mr. Grigsby, special investigator for the District Attorney's Office, and made a radio broadcast to peace officers to pick up the appellant. Appellant objected to all of this testimony on the ground that it was hearsay and a declaration of a third party out of the presence of the defendant. The trial court qualified both of the bills and in his qualification thereof states that the State's evidence showed that the defendant was to go to work at 11:00 o'clock on the night in question, but did not show up at his job until about daylight; that upon being informed by his "boss" that the officers were looking for him, he left and was not seen or heard of in Gregg County, Texas, until the following January; that the testimony was admitted for the purpose of showing flight. We think it was admissible for that purpose. Evidence of flight is always

admissible from which an inference of guilt arises. Moreover, appellant, while testifying in his own behalf, admitted that he left on the night in question and went to Homer, Louisiana, where he obtained work at an oil well some twenty miles out in the bay; that he did not return to Texas until January, 1942. This was an admission of flight. Consequently he has no just ground of complaint. See Martinez v. State, 140 S. W. (2d) 187; Johnson v. State, 143 S. W. (2d) 771; Reed v. State, 144 S. W. (2d) 268; Brown v. State, 158 S. W. (2d) 1018.

Bills of Exception Nos. 5, 6 and 7 complain of testimony given by certain witnesses showing that appellant had disappeared from where he lived and where he worked and did not return to Gregg County until January, 1942. The court also qualified these bills, and as qualified, neither of them shows error.

Bills of Exception Nos. 8 and 9 are without merit and are overruled without discussion because it would only extend this opinion at length and serve no useful purpose.

By Bills of Exception Nos. 10 and 11 appellant complains of the testimony given by the injured female to the effect that Ethridge never made any improper advances toward her in the presence of Ray Skinner, the defendant, to which he objected on the ground that it was irrelevant and immaterial; that it called for a conclusion of the witness as to what constituted improper advances and was highly prejudicial. The court qualified the bills and in his qualification states that the testimony was admitted on re-direct examination of the injured female after counsel for the defendant had questioned her concerning her conduct with Ethridge in the presence of the defendant and other parties at a night club. In our opinion, the bills, as thus qualified, fail to reflect any error. If appellant, either by direct evidence or implication, sought to impugn the virtue of this girl, it was proper for the State to rebut such implication.

By Bill of Exception No. 12 it is shown that the State proved by the injured party, in rebuttal, that from the time that she was outraged up to the time of appellant's arrest, she did not do much but that her father made inquiry from the officers as to whether or not they had located him. Appellant objected on the ground of being hearsay; that it failed to shed

any light on any issue in the case. The court sustained the objection as to what her father did and withdrew it from the consideration of the jury. The court should have sustained the objection to all the testimony because it was not pertinent to any issue. It did not tend to prove any fact relating to any issue in the case. However, in our opinion, it did not benefit the State or injuriously affect appellant. Therefore, it was harmless error. See 4 Tex. Jur. p. 586, sec. 414.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.