## Leary C. Newton v. The State.

### No. 7364. Decided January 24, 1923.

1.—Robbery—Sufficiency of the Evidence.

Where, upon trial of robbery, the conviction is sustained by the evidence there is no reversible error.

**2.—Same—Special Term of District Court—Notice.**

The laws requiring that notices be made and posted of the holding of special terms of the District Court have not been on our statute books for many years, and under the law as it now is the court may order such special term, convene same, impanel a grand jury, consider indictments returned, and try persons so charged at said special term.

**3.—Same—Justice Court—Written Statement—Confessions.**

Where the written statement made and signed by the defendant in the justice court was in substantial compliance with requirements of the law relating to confessions, the same was correctly admitted in evidence.

**4.—Same—Confessions—Rule Stated.**

It is well settled, if there be a contest made as to the voluntary character of the alleged confession a decision of such issue by the jury may be invoked, but nothing of the kind appears in the instant case.

**5.—Same—Examining Trial—Co-Defendants—Date.**

With reference to a dispute as to whether the defendant had his examining trial at the same or a different time as did his co-defendant, this would not affect the admissibility of the alleged confession.

Appeal from the District Court of Maverick. Tried below before the Honorable Joseph Jones.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Maverick County of the offense of robbery, and his punishment fixed at five years in the penitentiary.

By the State's testimony a violation of the law was abundantly proved against appellant and the testimony need not be set out at length. There was no attack upon the form of the indictment and none against the charge of the learned trial court.

It is insisted that the court below was without jurisdiction of this cause or of appellant, and that its orders and judgment herein are void therefor; the bill of exceptions presenting this matter reflects the agreement of both the State and defendant that this cause was tried at a special term of the District Court which had been called by the judge thereof at the next preceding regular term; when said special term was so called, the offense herein charged had not been committed; also that no notice of the time and place of holding said special term was given him or posted other than the entry on the minutes of the court below, of the order for said special term.

The laws requiring that notices be made and posted of the holding of special terms of the District Court, have not been on our statute books for many years. See General Laws Twenty-ninth Legislature

(1905), p. 116. Under the law as it now is the court may order such special term, convene same, impanel a grand jury, consider indictments returned and try persons so charged, at said special term. See Articles 1720-21-22, Vernon's Texas Statutes 1920.

It appears that following his arrest upon complaint herein, appellant had a hearing in the Justice Court. A written signed statement made by him at said hearing was admitted in evidence. The heading upon said statement is as follows:

"State of Texas,          Examining Trial before C. W. Hartup,
     vs.
L. C. Newton.          Justice of the Peace, April 18, 1922.

The defendant having been warned by the magistrate, that he does not have to make any statement but that any statement he makes shall be used againsct him upon the trial of the case to which it pertains, elects to make the following voluntary statement:"

This we deem substantial compliance with the requirements of Article 810, C. C. P., relating to confessions. Our law-makers evidently deemed the insertion required by said statute to be in the written statement claimed to be the confession, that it must appear that the accused was told that he does not have to make any statement· at all, is equivalent to the statement that such confession is voluntary. It is well settled if there be a contest made as to the voluntary character of the alleged confession, a decision of such issue by the jury may be invoked. There appears in this record no request or other attempt to have said issue submitted to the jury.

We further observe with reference to a dispute as to whether appellant had his examining trial at the same or a different time as did his codefendants, that this would be immaterial as affecting the admissibility of the alleged confession. The date of said document appears to be the 18th of April and the examining trial of appellant's codefendants seems to have been had April 13th. We are at a loss to know how this difference in the date could affect the voluntary character of the confession.

We have been unable to perceive error in any matter set up in this record, and an affirmance is ordered.

*Affirmed.*