WILLIAM HOWARD KING v. STATE.

No. 30,389. February 4, 1959.
Motion for Rehearing Overruled March 4, 1959.

Appellant represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is murder; the punishment, 99 years.

The deceased and his buddy John Joseph Nobile (not to be confused with William (Bill) Nobles, appellant's co-principal,)

were soldiers. They came to Waco from Ft. Hood with other soldiers on a Saturday night.

While waiting for their companions to pick them up for the return trip to Ft. Hood, the deceased and Nobile were lying on the grass outside the club where they had been dancing and drinking beer.

Appellant and William (or Bill) Nobles, who had been at the club earlier, appeared after the place was closed and appellant proceeded to rob John Joseph Nobile of the money in his billfold.

The deceased, seeing what was happening to his buddy, attempted to come to his aid, whereupon appellant called to Nobles who started hitting the deceased on the head with a pipe he pulled from his back pocket.

Appellant joined in the assault upon the deceased, kicking him in the face while he was lying on the ground.

Appellant's confession, except for exculpatory portions offered by the defense, was introduced by the state in which he admitted taking the money from Nobile's billfold and handing it to Nobles, and admitted kicking the deceased.

Testimony elicited by the defense revealed that William Nobles confessed to hitting the deceased on the head with an iron pipe, which caused his death.

Other testimony was offered by the state in support of the allegation of the indictment that the deceased was killed "by beating him with an iron pipe."

It was shown that appellant had previously stated to an employee of the club that he had been trying to sell the soldier Nobile on the idea of going down and getting a woman for him; that Nobile said he and his buddy had only a dollar or two between them; that he doubted that the boy was telling the truth about the money and said "Do you think it would be worth while to take these two smart cats around by the side of the building and knock them in the head?" and that appellant agreed with the state's witness that such would be wrong.

The court charged the jury on the law of principals and authorized a conviction upon a finding by the jury that the de-

ceased was killed in the execution of a common design to rob and as a natural and probable consequence thereof.

We find the evidence sufficient to sustain the conviction.

Brief filed by appellant was not prepared by an attorney. In it he complains of certain remarks in the closing argument of the district attorney. There are no formal bills of exception and the record does not reveal that the complained of remarks were made.

The remainder of the brief relates to the admission of appellant's confession, over his counsel's objection to each word, phrase and sentence thereof.

The portion of the confession pointed out in the brief as prejudicial and immaterial was the early portion thereof wherein appellant said that he got to Waco about 3 or 3:30 P.M. and, in connection therewith, said "I rode on the bus from Huntsville to Fairfield and then rode in a car with a fellow who got out the same day I did, on to Waco."

The trial judge sustained the objection "to the portion you pointed out." It is not shown that the portion of the confession now claimed to have been highly prejudicial was pointed out as objectionable. If so it was excluded by the court's ruling.

We have examined the informal bills reserved in the statement of facts and find no reversible error.

The judgment is affirmed.