William Howard KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 30389.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

See also, 502 S.W.2d 800.

Douglas R. Bergen, Waco, for appellant.

Martin Eichelberger, Dist. Atty., and Randall Sellers, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a delayed appeal from a conviction for murder; the punishment, ninety-nine years' imprisonment. Appellant was convicted on January 28, 1958, and sentenced on May 6, 1958. The judgment was later affirmed by this Court. See King v. State, 167 Tex.Cr.R. 492, 320 S.W.2d 841 (1959).

On June 29, 1973, we held on appellant's application for a writ of habeas corpus that he had been denied an effective appeal and ordered that counsel be appointed and briefs be filed in a new appeal "under the rules governing the appellate procedure conforming to the appropriate provisions of the Texas Code of Criminal Procedure which were in effect on May 6, 1958."

We will first consider the grounds of error challenging the sufficiency of the evidence. Specifically, the appellant urges the evidence is insufficient to prove that the murder was committed in the manner and by the means alleged. Also, he says that the "State has failed to prove beyond a reasonable doubt that the appellant was engaged in a common plan or design to rob or attempt to rob Richard J. Lampe or that in the execution or attempted execution of such robbery that a natural and probable consequence of such robbery would be that Richard J. Lampe would be killed."

A summary of the evidence is necessary in the consideration of these grounds of error. While they were in a bar in Waco on the night of October 5, 1957, the appellant told his companion Nobles that there were "two drunks" outside the 31 Club, another Waco bar. The appellant and Nobles decided to "shake them down and get their money" and drove to the 31 Club where they found the two young soldiers that appellant had earlier referred to as the "two drunks." Appellant approached Nobile, one of the two soldiers, and told him that he was a vice-squad officer and demanded Nobile's billfold. After obtaining the billfold the appellant began searching the pockets of Lampe, the other soldier. Lampe swung at the appellant, striking him in the eye. Nobles then stepped up, grabbed Lampe by the shirt and struck him on the head several times with an iron pipe which Nobles pulled from his pocket. Lampe fell to the ground moaning. The appellant kicked Lampe a number of times while he was on the ground. The appellant and Nobles then fled. The appellant was arrested several days later. A physician testified that Lampe died from a disruption of normal cardiac and respiratory functions caused by pressure within the cranium. The physician further testified the pressure within the cranium was

caused by four major traumatic lacerations which in his opinion were made by a blunt instrument. A photograph showing the injury to Lampe's head was admitted in evidence. An iron pipe which was marked as an exhibit was not admitted in evidence.

■ Beating with an iron pipe was the manner and means of the killing alleged in the indictment. Nobile testified that Nobles "grabbed my buddy and started hitting him with a pipe." [1] The Assistant District Attorney to whom the appellant's confession had been given was asked by appellant's counsel on cross-examination:

"Q. Mr. Walker, has anyone confessed striking the death blow to you?

"A. Well, I have taken a statement from William Nobles in which he admits participation, along with Howard King.

"Q. Did he state that he hit the deceased on the head?

"A. He stated that he hit Richard Lampe on the head with that iron pipe."

We conclude that the evidence is sufficient to prove the alleged manner and means by which the deceased was killed. See and compare, Yancy v. State, 45 Tex.Cr.R. 366, 76 S.W. 571 (1903); Newsom v. State, 118 Tex.Cr.R. 496, 39 S.W.2d 69 (1931).

The appellant argues that the evidence is not sufficient to support the jury's finding under an instruction which was submitted to it by the Court which reads as follows:

"Unless you believe from the evidence beyond a reasonable doubt that William

E. Nobles and William Howard King, the defendant herein, entered into a common plan and design to rob Richard J. Lampe, and that in the execution or attempted execution, if any, of such robberty (sic), William E. Nobles and William Howard King, or either of them, on or about the 5th day of October, 1957, in the County of McLennan and State of Texas, did kill Richard J. Lampe by beating him with an iron pipe, and that said William Howard King was present and acting together with the said William E. Nobles in the execution or attempted execution of such robbery, if any, and that the death of the said Richard J. Lampe followed immediately in the execution of said common design, if any, as one of its natural and probable consequences, and that the death of the said Richard J. Lampe might have been and should have been foreseen by the said William Howard King as one of the natural and probable consequences which would result from the execution of said common design, if any, or if you have a reasonable doubt of any of the above facts, you will find the defendant not guilty." [2]

The jury was also charged on the theory of principals.[3]

We find the evidence which has already been stated sufficiently shows that the appellant and Nobles entered into a common plan and design to rob Nobile and Lampe and while executing that plan Lampe's death resulted as a natural and probable consequence of their common plan and de-

---

1. On later cross-examination Nobile was asked the following question:
   "Q. I believe you stated that Billy (the barber) Nobles was the one who had hit your buddy in the head with something, you don't know what it was, is that correct?
   "A. Yes, sir."
   The witness' answer to the double question, which answer was not clarified, does not vitiate his testimony that his buddy was beaten with a pipe.

2. The court's instruction here is quoted in order to answer the appellant's contention.

The fact that it has been quoted does not constitute this Court's approval of such a charge.

3. The appellant's argument that he personally did not beat Lampe with the pipe, and thus cannot be convicted of murder, is without merit. The evidence is sufficient to show appellant's guilt under the law of principals. See, e. g., Scott v. State, 149 Tex. Cr.R. 4, 190 S.W.2d 828 (1946); Williams v. State, 65 Tex.Cr.R. 193, 144 S.W. 622 (1912).

sign. See and compare, Wall v. State, 156 Tex.Cr.R. 239, 240 S.W.2d 763 (1951); White v. State, 154 Tex.Cr.R. 489, 228 S.W.2d 165 (1950); see also Cook v. State, 152 Tex.Cr.R. 51, 211 S.W.2d 224 (1948).

■ Appellant argues that he was entitled to but did not receive at his trial a hearing on the issue of the voluntariness of his confession. Although it is questionable whether the record shows that the issue of the voluntariness of the confession was raised at the time of trial, the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) for such a hearing [4] have now been met.

■ On July 27, 1973, after this Court had granted the appellant a new appeal with the aid of counsel, a Jackson v. Denno hearing was held. The State offered the testimony of the Assistant District Attorney to whom the confession was made, and the police officer who witnessed the confession, showing that the confession was voluntarily made by the appellant. The appellant did not testify and offered no evidence at the hearing. The trial court found that the confession was voluntarily made. This finding is supported by the record. The appellant strenuously urges that the trial court should not have held the Jackson v. Denno hearing because under the provisions of Article 828, C.C.P. 1925 [5] the trial court did not have authority to conduct any proceedings while the appeal was pending. We disagree. This Court upon request could have and quite likely would have granted the request and ordered a Jackson v. Denno hearing to be held at the time it was in fact held. See

Kincaid v. State, 500 S.W.2d 487 (Tex.Cr.App.1973); Hullum v. State, 415 S.W.2d 192 (Tex.Cr.App.1966). Although no such request was made to this Court it appears the hearing was held by the trial court at the joint request of the appellant and the State. Before any testimony was heard, however, the appellant himself and through counsel informed the Court that he did not want the hearing at that time. Nevertheless, the Court proceeded with the scheduled hearing.

The appellant's position is untenable. He urges he was deprived of the hearing on the voluntariness of his confession, yet he protested the holding of such a hearing. We find the requirements of Jackson v. Denno have been met, and no error is shown. See and compare Ex parte Engle, 418 S.W.2d 671 (Tex.Cr.App.1967).

■■ The appellant further claims the Court erred in failing to submit a charge to the jury instructing them not to consider the confession unless they found it was voluntary. Since the appellant did not ask that such a charge be submitted to the jury, or object to the charge that was submitted, he waived submission of the charge. See Articles 658–659, C.C.P. 1925; Clark v. State, 162 Tex.Cr.R. 493, 286 S.W.2d 939 (1956); White v. State, 154 Tex.Cr.R. 489, 228 S.W.2d 165 (1950); Newton v. State, 93 Tex.Cr.R. 314, 247 S.W. 281 (1923). Furthermore, such a charge was not required because the evidence did not raise the issue.

■ In his third ground of error appellant argues that the signature on the confession, "Howard King," is not shown to

4. Jackson v. Denno, decided several years subsequent to the trial in the present case, was expressly made retroactive and thus is applicable to the present case. See also Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

5. This provision reads in part as follows: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction

was had, until the judgment of the appellate court is received by the court from which the appeal was taken. In cases where, after notice of appeal has been given, the record or any portion thereof, is lost or destroyed, it may be substituted in the lower court, if said court be then in session; and, when so substituted, the transcription may be prepared and sent up as in other cases."

be his signature. We cannot agree. The Assistant District Attorney in McLennan County, who took the confession, testified at the trial that it was made by the appellant, and that the appellant signed it. This ground of error is overruled.

■ In ground of error number four appellant says the confession contained extraneous matters which were irrelevant and prejudicial. Specifically, he complains of the following statements in the confession:

"I got to Waco about 3:00 or 3:30 o'clock p. m. on the 4th day of October, 1957. I rode the bus from Huntsville to Fairfield, and then rode in a car with a fellow named Jones who got out on the same day, on to Waco."

We do not construe this language to show extraneous offenses. Moreover, no objection was made at the time of trial, and the error, if any, was not preserved.

■ Appellant's sixth ground of error reads as follows:

"The Court of Criminal Appeals has denied Appellant herein due process of law as contemplated by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, because of its failure over the past several years to appoint Appellant an attorney to represent him in an out-of-time appeal of his sentence and judgment in this cause to-wit: murder with malice."[6]

A number of applications for a writ of habeas corpus, seeking appointment of counsel and a delayed appeal, have been filed by appellant and considered by this Court since his conviction. All save the last were refused. This Court has held that a delay on appeal will not entitle an appellant to any relief unless it be shown that the delay amounts to a denial of due process. Cunningham v. State, 484 S.W.2d 906 (Tex.Cr.App.1972).

■ Appellant has not shown that his grounds on application for writ of habeas corpus were not considered by this Court at any point between the date of conviction and June 28, 1973, nor has he shown that caprice was used in denying any of his applications. See United States v. Massimo, 432 F.2d 324 (2nd Cir. 1970); United States v. Cifarelli, 401 F.2d 512 (2nd Cir. 1968). Where we have repeatedly considered and overruled appellant's complaints over the years, but were finally persuaded by him to grant a second appeal, we cannot agree that he has been denied due process of law.

■ Appellant argues under this ground of error that the delay has resulted in the loss of "some records in this cause . . . including several Bills of Exception." There is no evidence in the record to support this allegation. See Mayo v. State, 166 Tex.Cr.R. 470, 314 S.W.2d 834, cert. den. 357 U.S. 935, 78 S.Ct. 1385, 2 L. Ed.2d 1550 (1958); Cain v. State, 136 Tex.Cr.R. 275, 124 S.W.2d 991 (Tex.Cr. App.1939); Ogburn v. State, 97 Tex.Cr.R. 262, 261 S.W.2d 1038 (1924).

We overrule appellant's sixth contention.

■ Appellant by his seventh ground of error contends that in 1958 when he was tried there was in McLennan County a systematic exclusion of negroes from both grand juries and petit juries. The record is devoid of any evidence whatever relating to this ground, and therefore we cannot consider it. Tezeno v. State, 484 S. W.2d 374 (Tex.Cr.App.1972); see also Gonzales v. State, 414 S.W.2d 181 (Tex. Cr.App.1967).

■ Appellant complains finally that the trial court erred in failing to grant appellant's motion for mistrial after the prosecutor in jury argument allegedly called the appellant a "pimp" and a "thug." A transcription of the jury arguments is not

6. Ordinarily this Court does not appoint counsel but looks to the trial court to do so if appointment of counsel is necessary.

included in the record before us on appeal, and there are no bills of exception in the record relating to the happenings of which appellant complains. The only indication as to the content of the prosecutor's argument is an allegation in appellant's motion for new trial. The appellant must establish the truth of allegations contained in a motion for new trial; he has not done so here. Hill v. State, 153 Tex.Cr.R. 105, 217 S.W.2d 1009 (1949); Lucas v. State, 153 Tex.Cr.R. 11, 216 S.W.2d 820 (1949); Woods v. State, 152 Tex.Cr.R. 131, 211 S. W.2d 210 (1948). We overrule appellant's contention.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.