**Norman Eugene CORBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47864.**

Court of Criminal Appeals of Texas.

March 27, 1974.

John E. Humphreys, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin for the State.

## OPINION

MORRISON, Judge.

Conviction is for pandering (Article 519, Vernon's Ann.P.C.); the punishment, five years.

Appellant's grounds of error one and two urge that there is insufficient evidence and that there is a fatal variance between the indictment and the proof.

The indictment alleges, in pertinent part, that on or about December 6, 1970, appellant, by means of offering money, procured Patricia Bowden, to be and remain a prostitute.

We find it unnecessary to review all of the evidence. It will suffice to summarize a portion of the testimony of the State's witness Patricia Bowden to discuss appellant's contentions. Patricia Bowden testified that in the latter part of September, 1970, Sam Batchelor and the appellant saw her in an automobile. The two men showed her some address books with men's names and talked to her about how much money she could make being a prostitute. She stated that prior to this time she had not been a prostitute. Later on that night, appellant talked to her further about the books and how much money she could make, and told her that she could make a lot of money just as appellant's wife had made. After that night, she talked both with Sam Batchelor and appellant "a lot" and on these occasions when appellant

talked to her, they talked about prostitution. Appellant made it appear "real enticing" and "like it was real easy" and "that I could make a whole lot of money." Then on December 6, 1970, after again talking with appellant four or five times, she moved into appellant's apartment. The next day she and appellant "went over the books" and decided "what people to call". Appellant instructed her how to invite the customers over to the apartment. The appellant told her that she was to pay the apartment rent and that he would get $20.-00 from every person that he introduced to her through the books and that she was to keep the remainder of whatever amount she collected from the customer.

The above testimony is sufficient to sustain the conviction. Patricia Bowden is not as a matter of law an accomplice witness whose testimony need be corroborated. Threlkeld v. State, 165 Tex.Cr.R. 93, 304 S.W.2d 123. The jury was properly instructed on the fact issue as to whether she was an accomplice.

Appellant contends that the State failed to prove that the appellant caused Bowden to *remain* a prostitute as alleged in the indictment. The rule applicable is best expressed in Beck v. State, 171 Tex. Cr.R. 534, 360 S.W.2d 410 (a pandering case) and is that where the State makes unnecessary allegations which are not elements of the offense, than such unnecessary allegations may be disregarded as surplusage. Under that portion of the statute under which the appellant was charged the element of remaining a prostitute does not appear. Such rule has equal application to that portion of the indictment which named a certain person with whom she was caused to prostitute herself. Disregarding the surplusage, the indictment contains all the elements of the offense denounced by the statute.

The third ground of error objects on constitutional grounds to the admission into evidence of eight of twelve items

seized as a result of the arrest of Patricia Bowden and of the related search of the apartment where she was living at the time. The items seized were books, cards, pictures, tapes, etc., related to the prostitution business. We find it unnecessary to decide the question of the legality of the search. Appellant testified and admitted that all of the items were in the apartment and that they were his and did not contest the legality of the search when he testified. In addition, Patricia Bowden testified that she had seen and had knowledge of the address books appellant was keeping at the apartment for prostitution purposes and specifically identified several of the items. Such testimony was independent of the search and seizure and rendered admissible the items. Cotton v. State, Tex.Cr.App. 500 S.W.2d 482; Maghe v. State, Tex.Cr. App., 496 S.W.2d 71; Creel v. State, Tex. Cr.App., 493 S.W.2d 814.

Ground of error number four complains of the admission into evidence of State's Exhibit No. Five, which was certain photographs depicting acts of sexual intercourse, on the grounds that such photographs were inflammatory and prejudicial. No objection on the grounds now urged was made in the trial court. Nothing is presented for review. Hicks v. State, Tex.Cr.App., 493 S.W.2d 833.

Ground of error number five alleges that the court erred in failing to charge the jury properly as to the law of accomplice testimony. No objection in writing was made to the court's charge and therefore the error, if any, was waived.

Grounds of error numbers six and seven complain of improper jury argument. At the time the argument was made no objections whatsoever were interposed. We find no fundamental error. Lombardo v. State, Tex.Cr.App., 503 S.W.2d 780; Johnson v. State, Tex.Cr.App., 504 S.W.2d 496.

Ground of error number eight complains of the prosecutor's "have you heard" questions asked of appellant's witness who

testified as to the good reputation of the appellant. The only objection appellant made was that "I object to what he has heard. I don't believe that is relevant." The objection is a general one and nothing is presented for review. There is no showing that the prosecutor asked the questions in bad faith. The questions appear to be proper. No error is shown.

Other grounds of error have been abandoned and waived by appellant's amended brief and are overruled.

The judgment is affirmed.