**James Harvey NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–81–00008–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1981.

Discretionary Review Refused
March 31, 1982.

Robert I. Kahn, San Antonio, for appellant.

Bill White, Dist. Atty., Edward J. Coffey, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

CLARK, Justice.

This appeal is taken from a judgment of conviction for possession of more than four ounces of marihuana, a third-degree felony. The Court assessed punishment at life imprisonment under the habitual felony offender statute. We affirm.

The State's evidence showed that San Antonio police officers searched appellant's residence on September 23, 1978, pursuant to a search warrant. Upon entering they stated their purpose, gave *Miranda*[1] warnings, and told appellant that if he had any marihuana, he could lead them to it. Officers testified that appellant then directed them to a paper bag lying on a bed in the bedroom, stating that it was his and that his wife had nothing to do with it. There were 14 plastic baggies containing marihuana in the bag and 19 marihuana cigarettes in a metal box on the bed. Appellant was arrested and jailed. There was expert testimony that the baggies contained 8.9 ounces of marihuana and the 19 cigarettes contained .26 ounces. No fingerprints were looked for or found on any of the bags. The officers testified that no one but appellant was arrested, although his wife and others were present, because appellant admitted that the marihuana was his alone, and the officer in charge believed him.

Appellant testified at trial. His version of the evening's events differed substantially from that of the State's witnesses, especially with respect to the time, place, and circumstances of his statements to the police officers about the marihuana.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant was living at the address in question with his children and a woman to whom he was not married at the time of the search, but whom he married later. According to appellant, he was visiting at a friend's house when he learned that there were police officers at his house. Returning home, he saw the officers in the front yard talking to his wife. He testified that he identified himself to them, said he was the man of the house, and was told that the officers had a search warrant for marihuana. Appellant further stated that he told the officers to search all they wanted, because he had no marihuana and didn't "mess with it." According to appellant, one of the officers went into the bedroom and then returned to the living room, saying "Yeah, I got the stuff." Appellant alleges that his retort was "What?" Appellant testified that his rights were then read to him, and that at some point one of the officers told him, "James, you are in bad trouble." Appellant denied having told the officers at the house anything about the location of the marihuana, or that the marihuana was his. He testified that he did make an oral confession to the police later, at the police station, but that it was neither voluntary nor true. Appellant stated that he made the false confession at the police station because the officers threatened to arrest his wife and children and because one of them offered to help him if he confessed. Appellant denied knowing that there was marihuana in his house on the day in question and denied also that the marihuana found by the officers belonged to him. On cross-examination he admitted having four prior burglary convictions and a conviction for theft.

One of the arresting officers was recalled as a rebuttal witness. He denied having been approached by appellant in the front yard, denied that appellant had told them he had no marihuana in his house, and denied that appellant was threatened with the arrest of his wife and children or threatened with any type of proceedings if he refused to confess.

In his first ground of error appellant asserts that the court erred in overruling his objection to the court's charge, "wherein appellant objected to the failure of the court to instruct the jury that in the event they determined that the oral statement was made after the defendant's arrest and failed to lead to the discovery of evidence *or that the statement was not voluntary* that the oral statement should not be considered for any purpose." (Emphasis supplied.)

The trial court had determined, after an appropriate pretrial hearing, that the oral confession given under the State's version of the events was voluntary and admissible. The appellant offered no evidence at that hearing, although his attorney indicated that if appellant's wife were present for the hearing she would deny that appellant made the incriminating oral statement attributed to him by the State's witnesses.

We note at the outset that appellant's first ground of error misstates both appellant's objection to the charge and, by inference, his requested special instruction as well. Appellant requested, in writing, the following special instruction to the jury:

You are instructed, in connection with the alleged oral statement or confession of the defendant, if such a statement was made after the defendant was transported to the police station, or made after the marihuana was found, and if said statement was voluntarily made, but didn't conduce to establish his guilt or lead to the discovery of evidence, then you will wholly disregard all of the said statement, if any, and consider it for no purpose whatever and draw no inference or conclusion therefrom.

When the trial judge refused to give this requested instruction, appellant made the following written objection:

The Court has refused said to include [sic] said charge. Since there remains a question of fact as to whether the alleged statement tended to prove the truth of the charges, or lead to discovery of evidence, the issue is necessary to instruct the jury that only if the oral statement tends to establish the defendant's guilt or leads to evidence may the jury consider same.

■ Neither the requested special instruction nor the objection to the charge specifically called for an independent jury determination of the voluntariness of the confession which appellant contends he gave at the police station. Instead, the requested instruction treated voluntariness as an established fact in light of which the jury would have been called upon to decide issues arising under Tex.Code Crim.Pro. Ann. art. 38.22, § 3(c) (Vernon 1979);[2] and the objection to the charge concerned § 3(c) issues exclusively, not raising a voluntariness question.[3] Although art. 38.22, § 7 provides that the trial judge shall instruct the jury on the law with respect to voluntariness "[w]hen the issue is raised by the evidence," the trial court is not required to give such an instruction when the defendant does not ask that it be submitted or object to the charge on the ground that the instruction was omitted. *King v. State*, 502 S.W.2d 795, 798 (Tex.Crim.App.1973). As there was no voluntariness instruction or objection actually submitted by appellant, we find that the trial court did not err in denying appellant's requested charge on this basis.

Because appellant's requested charge would have actually submitted § 3(c) questions to the jury, we will consider whether this instruction should have been given by the trial court. Appellant's position is that the court should have instructed the jury that they could only consider his confession if they found in effect that it "contain[ed] assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused," pursuant to art. 38.22, § 3(c). This same contention was rejected in *Moon v. State*, 607 S.W.2d 569 (Tex.Crim.App.1980), in which the court said:

[W]e conclude that the trial court is not required to charge the jury on the statutory standard for admissibility of oral statements, contained in Article 38.22, § 3(c).

607 S.W.2d, at 571. The court pointed out that § 3(c) provides a statutory standard for admissibility of oral confessions separate and apart from voluntariness and *Miranda* concerns, and thus "presents a question of *law* for the trial court's determination of the admissibility of the statement," which the jury is not entitled to render. 607 S.W.2d, at 572.

■ Moreover, we conclude that even if appellant's requested instruction and his objection to the charge could be said to have raised a voluntariness issue, the trial court did not err in refusing to give the requested charge. If appellant sought to raise an issue of voluntariness, it was only with respect to a confession which *he* introduced. The State's evidence showed an oral confession by appellant at his house, before any search was conducted. The record indicates that appellant has never contended that that statement was in any manner coerced, but only that it did not occur. Because he testified to a later confession, which he stated was involuntary and untrue, appellant argues that art. 38.22 required the trial court to instruct the jury not to consider his confession unless it was voluntary. Appellant's reliance on art. 38.22 is misplaced, and we reject his contention.

The statute in question is designed to shield an accused from the admission and consideration of statements made by him under custodial interrogation, except when certain standards of voluntariness and materiality are met. The statute, however, expressly applies to statements sought to be

2. Article 38.22, § 3(a) provides that oral statements of an accused under custodial interrogation are admissible against the accused for impeachment purposes only. Section 3(c), however, provides that this limitation does not apply to a statement which "contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, . . . ."

3. Appellant perpetuated the same complaint in his motion for new trial without raising a voluntariness issue:

The Court erred in denying the special request of the defendant that the jury be instructed that in the event they determine that the oral confession was made after the defendant's arrest and failed to lead to the discovery of evidence, then the oral confession shall not be considered for any purpose.

admitted into evidence *against* the accused. Nothing in the language of the statute suggests any application to statements offered *by* the accused, as in the case before us. Appellant's testimony that he confessed falsely and involuntarily, at a distinctly different place and time, raised a question of credibility which the jury necessarily resolved against him in determining that he "knowingly and intentionally" possessed the marihuana as charged in the indictment. That testimony did not, however, place a burden on the State to show that the alleged second confession was voluntary; nor did it require the court to charge the jury with respect to the voluntariness of that confession, since it was not offered against the appellant.

■ The State's evidence, that appellant confessed at his house to ownership of the marihuana and directed the officers to its location, was corroborated by the finding of the marihuana in the place described. So corroborated, the statement constituted direct evidence of intentional and knowing possession, thus proving essential elements of the offense with which appellant was charged and rendering the statement admissible under art. 38.22, § 3(c). Appellant's testimony, that he confessed only after the marihuana was found, and then falsely, was thus in the nature of a denial of an essential element of the State's case. While the trial court must charge the jury on any defensive theory raised by the evidence, *Green v. State*, 566 S.W.2d 578 (Tex. Crim.App.1978), it is not error to refuse to give "an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case." *Id.* at 584. Appellant's first ground of error is overruled.

■ Appellant's second ground of error asserts that the trial court erred in permitting the State to introduce evidence of an oral confession allegedly made by him despite the State's failure to disclose the existence of the statement pursuant to the court's pretrial discovery orders. We reject appellant's contention.

In *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex.Crim.App.1978) the court decided that evidence willfully withheld from disclosure under a discovery order should be excluded from evidence unless the withholding constituted harmless error. The case before us is similar to *Hollowell*. Although we do not condone the State's violation of the court's pretrial discovery orders, we find that no harm to the appellant's case has been demonstrated. When appellant realized that he needed the absent witness (appellant's wife) sooner than he originally anticipated, he could have moved for a brief continuance in order to secure her attendance. Appellant failed, however, to file a motion in accordance with the criteria set out in *Taylor v. State*, 612 S.W.2d 566, 570 (Tex.Cr.App. 1981), which require that it be in writing, sworn to by the defendant, and accompanied by an affidavit from the testifying witness or some other competent source, substantiating the allegations as to the expected testimony. Appellant's second ground of error is overruled.

■ Appellant's third ground of error alleges that the trial court erred in sentencing him to life imprisonment for possession of more than four ounces of marihuana, under the habitual felony offender statute, Tex.Penal Code Ann. § 12.42(d) (Vernon 1974). Appellant argues that the sentence violates the constitutional prohibitions against cruel and unusual punishment, citing *Rummel v. Estelle*, 568 F.2d 1193 (5th Cir. 1978). We note that the opinion relied upon by appellant was vacated by the same court sitting *en banc, Rummel v. Estelle*, 587 F.2d 651 (5th Cir. 1978), which in turn was upheld in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 62 L.Ed.2d 382 (1980). Appellant's third ground of error is overruled.

The judgment is affirmed.