Eugene Contereras MENDOZA,
Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–416CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1982.

Discretionary Review Refused
July 7, 1982.

**184**

Leonard Roth, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This is an appeal from one of two sentences entered following jury verdicts finding appellant guilty of two offenses of murder; the punishment, twenty-five (25) years confinement. We affirm.

By his first ground of error, appellant contends that his right to due process has been violated because he has been denied a speedy appellate review of his conviction. Appellant argues that he has been so "totally abused by the criminal justice system" as to amount to a denial of due process.

This record shows that appellant was indicted on December 8, 1976, tried August 3, 1977, and gave notice of appeal on November 8, 1977. His retained attorney at trial and on appeal developed cancer and was unable to practice law. Appellant's family engaged the services of another attorney who did nothing in appellant's behalf, and the Court of Criminal Appeals affirmed the conviction on September 20, 1978, noting that there was no statement of facts, bills of exception, brief, or showing of indigency and nothing requiring review in the interest of justice. Appellant did nothing, so far as this record shows, until over a year later when the staff counsel for inmates filed an application for writ of habeas corpus which was received by the Court of Criminal Appeals on October 9, 1979. That court ordered a hearing be conducted in the trial court at the conclusion of which the trial judge found appellant indigent and authorized an out-of-time appeal on November 12, 1979. Appellant's newly appointed counsel had difficulty in securing the record because the actual trial of the case had been recorded by three separate court reporters, one of whom had since moved to Saudi Arabia. The failure to obtain all the record necessitated objections to the record by both the state and appellant. The trial court finally approved the appellate record on October 22, 1981, and it was transmitted to this court. Appellant's pro se motion filed in this court on January 28, 1982 to advance this case on the docket was denied.

■ The Court of Criminal Appeals has held that the constitutional guarantee of a speedy trial has no application to appellate review. Only where a delay on appeal amounts to a denial of due process is the appellant entitled to relief. *Cunningham v. State,* 484 S.W.2d 906 (Tex.Cr.App.1972) and *King v. State,* 502 S.W.2d 795 (Tex.Cr.App.1973).

■ We do not agree that this record shows a denial of due process. While John L. Mendoza, the attorney who took appellant's family's money and did nothing, should be dealt with appropriately, this is not the appropriate forum to do so. The fact still remains that appellant and his family employed him as their agent, and if they were dissatisfied with his services, the matter should have been called to the attention of the trial court when it had the authority to act. Appellant's argument that no distinction should be made because his appellate attorneys were retained misses the point. Once notice of appeal is given

and the trial court is advised that appellant has his own retained attorney to represent him on appeal, neither the trial court nor the appellate court is in any position to know whether the appellant is being adequately represented. Unless the appellant complains of the services he is receiving from the attorney, he is bound by the inaction of his counsel. Additionally, it must be remembered that appellant did nothing for more than one year after his case had been affirmed on appeal without a record of the trial. It cannot be seriously contended that when the matter was finally called to the attention of the trial court and he permitted an out-of-time appeal, the "criminal justice system" was at fault because it then required some two years to reconstruct the record. There is no factual basis for nor a showing of a denial of due process and appellant's first ground of error is overruled.

In his second ground of error, appellant contends that he was denied effective assistance of retained counsel on appeal. We agree with appellant's contention in this regard, as did the trial court. We do not, however, agree with appellant's further argument that because he was denied effective assistance of counsel on his first appeal he is entitled to have his conviction reversed. The remedy available to appellant was for the court to grant him an out-of-time appeal. *Ex parte Raley,* 528 S.W.2d 257 (Tex.Cr.App.1975). This has been done and appellant has been provided effective assistance of counsel to pursue this appeal. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends the statutory definition of the term "intentional" as given by the court in his charge is unconstitutional because it shifts the burden of proof to the defendant. Appellant relies upon the recent decision of the United States Supreme Court in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) as authority for his argument. There the issue before the court concerned a jury instruction on the presumption of intent which has nothing to do with the issue in this case. Here the statute and the court's charge defined "intentional" and required the jury to find beyond a reasonable doubt that appellant acted intentionally before he could be found guilty. Appellant's third ground of error is overruled.

 Finally, in his fourth ground of error, appellant contends reversible error was committed when the prosecutor in his argument to the jury referred to appellant as a "murderer". We do not reach the issue of whether this argument was improper as there was no objection to the argument; therefore, nothing is presented for review. *Hargrove v. State,* 579 S.W.2d 238 (Tex.Cr.App.1979). Appellant's fourth ground of error is overruled.

The judgment is affirmed.