Seward Lee JONES & Theresa Jones, Appellant,

v.

The STATE of Texas, Appellee.

No. 118–83.

Court of Criminal Appeals of Texas, En Banc.

July 20, 1983.

---

Thomas S. Berg (on appeal only), Houston, for appellant.

Jim Mapel, Dist. Atty. and A.B. Crowther, Jr., Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellants were convicted of theft by receiving property stolen by another, V.T.C.A., Penal Code Sec. 31.03(b)(2). The Court of Appeals, in an unpublished opinion, reversed the conviction on a finding of fundamental error in the jury charge. We granted the State's petition for discretionary review to consider that issue.

The State's case at trial was based on the presumption provided by Sec. 31.03(c)(3) and (4), supra, which provide:

"(3) an actor engaged in the business of buying and selling used or secondhand personal property, or lending money on the security of personal property deposited with him, is presumed to know upon receipt by the actor of stolen property (other than a motor vehicle subject to Article 6687–1, Vernon's Texas Civil Statutes) that the property has been previously stolen from another if the actor pays for or loans against the property $25 or more (or consideration of equivalent value) and the actor knowingly or recklessly:

"(i) fails to record the name, address, and physical description or identification number of the seller or pledgor;

"(ii) fails to record a complete description of the property, including the serial number, if reasonably available, or other identifying characteristics; or

"(iii) fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property. It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements.

"(4) for the purposes of Subparagraph (i) above, 'identification number' means driver's license number, military identification number, identification certificate, or other official number capable of identifying an individual."

The jury was instructed in the precise terms of the statutory presumption. The charge, however, did not instruct the jury on the restrictions regarding use of a statutory presumption, as provided in V.T.C.A., Penal Code Sec. 2.05. That section provides:

"When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

"(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the

presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

"(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

"(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

"(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

"(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

The Court of Appeals found the charge fundamentally defective for charging on the presumption under Sec. 31.03(c), supra, without charging on the required matters of Sec. 2.05, supra. We agree.

In the recent case of *Goswick v. State,* 656 S.W.2d 68 (1983), we held a similar omission in a prosecution for driving while intoxicated, from a charge on the presumption of intoxication under Art. 6701*l*–5, V.A. C.S., presented fundamental error. It was there pointed out that Sec. 2.05 mandates a charge on the rules regarding use of a presumption. The charge given, without the limitations of Sec. 2.05, constituted an unconstitutional shifting of the burden of proof.

The judgment of the Court of Appeals is affirmed.

MILLER and CAMPBELL, JJ., not participating.

McCORMICK, Judge, dissenting.

The majority, following the lead of the Court of Appeals, erroneously expands the doctrine of fundamental error in the court's charge. In holding that fundamental error occurred when the trial court charged on the presumption provided in V.T.C.A., Penal Code, Section 31.03, but not on the effect of such presumption as provided in V.T.C.A., Penal Code, Section 2.05, the majority errs in two regards:

1. The contemporaneous objection rule is ignored, and

2. Under the prior holdings of this Court, such does not rise to the level of fundamental error.

Not only does such holding work an injustice in the instant case, its ramifications to the jurisprudence of this State may well be catastrophic. Is the Court today abandoning the contemporaneous objection rule?

The contemporaneous objection rule is clearly applicable to the criminal jurisprudence of this State and applies to complaints that are of constitutional magnitude as well as lesser ones. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Bouchillion v. State,* 540 S.W.2d 319 (Tex. Cr.App.1976); *Rovinsky v. State,* 605 S.W.2d 578 (Tex.Cr.App.1980); *Romo v. State,* 577 S.W.2d 251 (Tex.Cr.App.1979); *Bell v. State,* 582 S.W.2d 800 (Tex.Cr.App. 1979); *Henderson v. State,* 617 S.W.2d 697 (Tex.Cr.App.1981); *Dunavin v. State,* 611 S.W.2d 91 (Tex.Cr.App.1981) (a search case); *Nelson v. State,* 607 S.W.2d 554 (Tex. Cr.App.1980) (another search case); *Boulware v. State,* 542 S.W.2d 677 (Tex.Cr.App. 1976); Texas Digest, Criminal Law Key Nos. 1035(a), 1036.1(3), 1036.1(4) and 1044.-2(1).

The propriety of such a rule was recently recognized by the United States Supreme Court in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). There, without objection, the Ohio trial court instructed the jury that the defendant had the burden of proving his defense of self-defense by a preponderance of the evidence. The Ohio Supreme Court thereafter held

that such method of submitting self-defense was erroneous as improperly placing the burden of proof. *State v. Robinson,* 47 Ohio St.2d 103, 351 N.E.2d 88 (1976). Issac, who was convicted prior to the *Robinson* decision, sought federal habeas relief challenging the constitutionality of such instructions.

The Supreme Court, recognizing Ohio's contemporaneous objection rule, rejected Isaac's claim saying "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle v. Issac,* 102 S.Ct. at 1572.

In the case at bar, there was no objection lodged in the trial court to the jury instructions, and thus there has been a procedural default. See Article 36.14, V.A.C.C.P.; *Hackbarth v. State,* 617 S.W.2d 944 (Tex.Cr. App.1981); and *Bilbrey v. State,* 594 S.W.2d 754 (Tex.Cr.App.1980). Nor has appellant shown cause and actual prejudice such as would entitle him to relief. Despite the majority's conclusions to the contrary, such does not rise to the level of fundamental error as previously recognized in the opinions of the Court.

What is "fundamental error" in a court's charge? In *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975), this Court noted that "fundamental error is presented where error in the charge goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted." 522 S.W.2d at 202. It has also been said that "fundamental error" is that which deprives the defendant of a fair and impartial trial. *Sattiewhite v. State,* 600 S.W.2d 277 (Tex.Cr.App.1979). This Court has also noted that unless the error was calculated to injure a defendant's rights or prevent a fair and impartial trial fundamental error does not exist and failure to object waives the error. *Grady v. State,* 614 S.W.2d 830 (Tex.Cr.App.1981).

This Court, in *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), recognized four kinds of fundamental error in a court's charge: (1) when the application portion of

the charge omits an allegation in the indictment which is required to be proved; (2) when the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment; (3) when the charge to the jury authorized conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment; (4) when the charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense. The situation in the case before us does not come under any of the four categories listed in *Cumbie* and thus it is not fundamental error. This Court should not build upon a legal fiction whose foundation has no stable support.

The case before us is more akin to those situations where this Court has rejected the fundamental error argument and concluded that the error in the court's charge did not go to the basis of the case. Typical are:

(1) Failure to apply the facts to the law of parties. *Romo v. State,* 577 S.W.2d 251 (Tex.Cr.App.1979); and *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978).

(2) Failure to charge on lesser included offenses. *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App.1976).

(3) Failure to charge on defensive theories. *White v. State,* 495 S.W.2d 903 (Tex. Cr.App.1973); and *Paredes v. State,* 500 S.W.2d 160 (Tex.Cr.App.1973).

(4) Failure to give limiting instructions on extraneous offenses. *Johnson v. State,* 629 S.W.2d 731 (Tex.Cr.App.1981).

(5) Failure to charge on the law of accomplice testimony. *Corbell v. State,* 508 S.W.2d 86 (Tex.Cr.App.1974).

(6) Failure to instruct the jury on the law with respect to the voluntariness of a confession when that issue is raised by the evidence. *King v. State,* 502 S.W.2d 795 (Tex.Cr.App.1973). *This example of non-fundamental error may be closer to the instant case than the others because the submission of the voluntariness issue is authorized by a "shall" statute.* The recent case of *Neal v. State,* 626 S.W.2d 879 (Tex.

Cr.App.1981), by the San Antonio Court of Appeals expressed the rule thusly:

"Although art. 28.22, § 7 provides that the trial judge shall instruct the jury on the law with respect to voluntariness '[w]hen the issue is raised by the evidence,' the trial court is not required to give such an instruction when the defendant does not ask that it be submitted or object to the charge on the ground that the instruction was omitted. *King v. State,* 502 S.W.2d 795, 798 (Tex.Crim. App.1973)." 626 S.W.2d at 882.

(7) Failure to charge the jury *on the presumption of insanity,* and burden of proof after the introduction of an unvacated judgment committing the defendant to a state hospital. *Hendrix v. State,* 459 S.W.2d 634 (Tex.Cr.App.1970).

(8) Failure to charge that *the burden of proof* in a criminal case is upon the State. *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App. 1977).

(9) Failure to submit to the jury the issue as to probable cause for the search. *Corbitt v. State,* 445 S.W.2d 184 (Tex.Cr.App.1969). (This holding came in the face of Article 38.23, V.A.C.C.P., providing that in any case where the evidence raises an issue as to the legality of the obtaining of evidence, the "*jury shall be* instructed that if it believes ... that the evidence was obtained in violation of ....") (Emphasis added)

The action of the Court today may symbolize the demise of the contemporaneous objection rule in Texas. No longer will the trial judge be an impartial arbitrator in the trial process, but will, of necessity, be solely responsible for the making of an appellate record. The role of defense counsel has now been religated to that of the "warm body" which this Court has vehemently condemned. See Judge W.C. Davis' concurring opinion in *Ybarra v. State,* 629 S.W.2d 943 (Tex.Cr.App.1982), at page 953.

The majority warmly embraces the mandatory language of Section 2.05 while simultaneously turning a cold shoulder to the same mandatory language of Article 36.14, V.A.C.C.P. The majority likewise today answers the question posited previously in this dissent of "what is 'fundamental error' in a court's charge?" Humpty Dumpty put it best: "When *I* use a word, it means just what I choose it to mean—neither more nor less." What will the majority choose "fundamental error" to mean next time?

I dissent.

W.C. DAVIS, J., joins in this dissent.