Richard GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 50932.

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Ruben Sandoval, San Antonio, for appellant.

Ted Butler, Dist. Atty. and Fred Rodriguez, John Hrncir and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of murder; the punishment assessed is imprisonment for 10 years.

The appellant complains that he was not permitted to discredit and to show the interest, bias, and motive of the witness Luis Hernandez by cross-examination and by showing his arrest record and that there was an indictment pending against him.

Hernandez was the only known eyewitness to the offense for which the appellant was convicted. Hernandez testified that the appellant and two other men had at-

tempted to rob him on a parking lot, but when he showed them that he had no money they assaulted, robbed, and killed another man on the same parking lot.

Prior to trial the State filed a motion in limine requesting the court not to permit defense counsel to show that there was a pending indictment and the arrest record of the witness Hernandez. Prior to Hernandez's testimony before the jury a hearing was held in the absence of the jury. Hernandez testified there was a burglary indictment pending against him in Bexar County. He also testified that he had been arrested four or five times—three or four times for being drunk and one time for disturbing the peace. He had not been convicted of a felony or a misdemeanor involving moral turpitude.

Immediately after this hearing the court asked defense counsel if he wanted to present any argument before the court ruled on the State's motion. Defense counsel responded:

"We still feel that this man's having been in trouble not once or twice but numerous times, and even though they may not involve moral turpitude, we feel that we should be allowed to go into his arrest record if nothing else. We won't go into his untried indictment at this point, but I feel that we ought to be allowed to go into his arrest record, Your Honor.

"THE COURT: All right, the State's Motion in Limine is granted. The defense is instructed not to go into any arrests of the defendant or any pending indictment—I mean, against the witness or any pending indictment against the witness unless it is shown that it is otherwise admissible. Such testimony is not to be admitted before the jury unless otherwise brought out by the State. All right, bring the jury.

"(Thereupon, the jury returned into open Court.)"

■ In our review of the record, we are unable to find that defense counsel, after

telling the court "We won't go into his untried indictment at this point . . .," ever again requested or attempted to cross-examine the witness or to prove that there was an indictment pending against him. It appears that counsel abandoned any attempt to get before the jury evidence that there was an indictment pending against this witness. Nothing is presented for review.

We also observe that even if defense counsel had not abandoned his attempt to gain admission of this evidence the record in this case is more like that in *Luna v. Beto,* 395 F.2d 35 (5th Cir. en banc 1968) and is unlike those in *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Evans v. State* and *Meyer v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975). There is only proof that an indictment was pending; there was no attempt made to show that the pending indictment was being used to force the witness' testimony or that he expected more favorable treatment in his pending case because of his testimony in this case. *Luna v. Beto,* supra (footnote # 5). The witness' arrest record was not admissible.

The judgment is affirmed.

Opinion approved by the Court.