Vernon Frederick MOON, Appellant,

v.

The STATE of Texas, Appellee.

No. 56997.

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 19, 1980.

————————

Thomas D. White, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus & Keno M. Henderson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for rape. After trial by jury, the trial court assessed punishment at ten (10) years confinement.

 The sufficiency of the evidence is not challenged. In his first ground of error, appellant contends that the trial court erred in admitting into evidence his signed, written confession to the offense, as he was induced to sign the confession by threats. Appellant testified both out of and in the jury's presence that he was threatened by the officer to whom he gave the statement. He contends that his testimony regarding threats made to him to induce him to sign the confession was uncontroverted. We do not agree. Police officer M. A. Quast testified that he took the written statement from appellant. Officer Quast testified several times that he did not threaten appellant in any way, nor did he observe anyone else do so. At a hearing on the voluntariness of a confession, the trial court is the sole judge of the credibility of the witnesses. *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977); *McKittrick v. State*, 541 S.W.2d 177 (Tex.Cr.App.1976). *Aranda v. State*, 506 S.W.2d 221 (Tex.Cr.App.1974). The trial court heard conflicting evidence; the court believed the testimony of Officer Quast and disbelieved that of appellant. Since the court's finding that the confession was voluntarily given is well supported by the evidence, this ground of error is overruled.

 In his second ground of error, appellant contends that the trial court erred in failing to charge the jury on the voluntariness of the confession, pursuant to Article 38.22, Sec. 7, Vernon's Ann.C.C.P. He specifically complained that the court did not submit the issue of whether appellant was threatened. No error is shown. The trial court charged the jury, in essence, that they could consider the confession only "if it appears that the same was freely made without compulsion or persuasion." This charge was adequate to protect appellant's rights. See *Aranda v. State*, supra. This ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in refusing to submit to the jury an affirmative instruction on appellant's defensive theory of consent to the sexual intercourse. We do not agree.

 In *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App.1978), we reiterated that when any defensive theory is raised by the evidence, the trial judge must charge the jury on that defensive theory. However, "the denial of a defendant's requested instruction is not error where the requested instruction is merely an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case." *Green*, supra at 584. Lack of consent to the sexual intercourse in a rape case is an essential element of the State's case. See V.T.C.A. Penal Code, Sec. 21.02. In the instant case, the trial court properly charged the jury on the offense of rape and on the State's burden of proof. The trial court did not err in refusing to submit appellant's requested charge. See *Aranda v. State*, supra. This ground of error is overruled.

 In his fourth ground of error, appellant contends that the trial court erred in refusing his requested charge to the jury that his oral statement, made while in custody, could not be considered unless it was found to have led officers to evidence that conduced to establish appellant's guilt. See

Article 38.22, Sec. 3(c), Vernon's Ann.C.C.P. He contends that under Article 38.22, Sec. 7, supra, he was entitled to such charge. The record reflects that shortly after he was apprehended, appellant made an oral statement to Officer Quast which led to the recovery of items of personal property belonging to the complainant, which appellant and his brother had discarded. The jury was charged on voluntariness, i. e., that unless they found that appellant had been warned of his rights and knowingly, intelligently and voluntarily waived such rights prior to making the statement, then they could not consider it for any purpose. Appellant complains that the jury should have been additionally charged that they must also find that the statement led to evidence which conduced to establish his guilt. We do not agree.

Article 38.22, Sec. 3(a), Vernon's Ann.C. C.P. provides that under limited circumstances, an oral statement of the accused, made as a result of custodial interrogation, is admissible for impeachment purposes *only*. However, subsection (c) provides that this provision limiting the admissibility of oral confessions:

"shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed."

Thus, oral statements made as a result of custodial interrogation will be admissible as direct evidence of guilt, where such statements "contain assertions of facts or circumstances that are found to be true" and are incriminating.[1] This exception to the general rule of exclusion of such statements is based upon the existence of factors which operate to assure the *reliability* of such statements. Of course, any oral statement under this section of the statute is only admissible if the due process requirements of voluntariness and the requirements of

*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are first met. *Warren v. State,* 514 S.W.2d 458 (Tex.Cr. App.1974); *Moore v. State,* 505 S.W.2d 887 (Tex.Cr.App.1974); *Smith v. State,* 507 S.W.2d 779 (Tex.Cr.App.1974).

Article 38.22, Sec. 6, supra, then sets out the responsibilities of the trial court to hold a hearing, make findings of fact and conclusions of law, etc., "[i]n all cases where a question is raised as to the voluntariness of a statement of an accused . . ."

Then, Article 38.22, Sec. 7, next states: "When *the issue* is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement." (Emphasis added)

The gist of appellant's contention on appeal is that Article 38.22, Sec. 7, supra, requires the trial court to instruct the jury that the statement must "contain assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused" pursuant to Article 38.22, Sec. 3(c), supra. We do not agree with this construction of the statute, and, instead, determine that in the context of the entire statute, Sec. 7, requiring an instruction to the jury on the relevant law "[w]hen *the issue* is raised" refers to the voluntariness issues and the issues involving constitutional and statutory warnings and waivers thereof, contained in Article 38.22, Sec. 2. Thus, we conclude that the trial court is not required to charge the jury on the statutory standard for admissibility of oral statements, contained in Article 38.22, Sec. 3(c).

In part, basis for this holding is our reading of Article 38.22, Secs. 6 and 7 together. Sec. 6 addresses the trial court's responsibilities only "where a question is raised as to the *voluntariness* of a statement . . ." This section further provides:

"Upon the finding by the judge as a matter of law and fact that the statement was *voluntarily* made, evidence pertaining to *such matter* may be submitted to the jury and it shall be instructed that

---

1. See e. g. *McGilvery v. State,* 533 S.W.2d 24 (Tex.Cr.App.1976); *Chase v. State,* 508 S.W.2d 605 (Tex.Cr.App.1974); *Valtiero v. State,* 153 Tex.Cr.R. 260, 219 S.W.2d 73 (1949).

unless the jury believes beyond a reasonable doubt that the statement was *voluntarily* made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." Next, as Sec. 7 begins, "[w]hen *the issue* is raised . . ." the trial court shall instruct the jury on the applicable law, which appears to be that contained in Sec. 2. Thus, from our reading of the statute, it is clear that both Secs. 6 and 7, which deal with an accused's rights with regard to instructions to the jury, only speak to the issue of voluntariness.

Further, we find that Article 38.22, Sec. 3(c), dealing with the statutory standard for the admissibility of oral statements apart from standards of voluntariness and compliance with *Miranda v. Arizona* and its statutory equivalent in Sec. 2, presents a question of *law* for the trial court's determination of the admissibility of the statement. Appellant's requested charge would have submitted to the jury a question of *law*, rather than fact. See *Black v. State*, 491 S.W.2d 428 (Tex.Cr.App.1973); *Hardy v. State*, 496 S.W.2d 635 (Tex.Cr.App.1973). In *Scott v. State*, 434 S.W.2d 678 (Tex.Cr.App.1968), the defendant complained of the trial court's refusal to instruct the jury to make independent findings of an oral and a written confession. In rejecting the contention that the jury, as well as the trial judge, must make independent findings before the confession was read to the jury, we stated:

"The *admissibility* of the confession is determined by the court. When found to be voluntary and admissible it may be read to the jury.

The instruction to be given the jury where there is evidence before it as to voluntariness, etc., relates to their consideration of the confession–not its admissibility. Article 38.22, V.A.C.C.P." (Emphasis added)

Likewise, we determine that Article 38.22, Sec. 3(c) deals only with the legal issue of the admissibility of the oral statement, which is a question of law to be determined by the trial court. We hold that the trial court did not err in refusing appellant's requested charge to the jury.

◼ In his fifth ground of error, appellant contends that his oral confession, which led to the recovery of the complainant's property, was inadmissible as it was not preceded by the proper warnings under Article 38.22, supra. He contends that the statute requires that he receive the warnings "from the person to whom the statement is made." The record reflects that immediately after he was arrested, appellant was warned of his rights by Officer Lane. However, the oral admission was made shortly thereafter by appellant to Officer Quast, in response to Officer Quast's question. Thus, it appears that appellant was properly warned of his rights by Officer Lane, in the presence of Officer Quast and that appellant gave his statement to Officer Quast. Appellant's contention has been answered adversely to him in *Maloy v. State*, 582 S.W.2d 125, 129, (Tex.Cr.App. 1979). This ground of error is overruled.

◼ In his final ground of error, appellant contends that the trial court erred in refusing to order the prosecutor not to cross–examine appellant's proposed reputation witness as to specific acts of misconduct of which the witness might have heard. The record reflects that appellant requested the trial court to so order the prosecutor, prior to having his reputation witness testify. When the trial court refused to order the prosecutor to limit cross–examination at this time, appellant did not present this reputation witness at trial, nor did he perfect a bill of exception out of the presence of the jury in order to let the record reflect what the testimony of the witness would have been. Since the record does not reflect to what the reputation witness would have testified, appellant's contentions rely on matters outside the record and error is not preserved for review. See *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App. 1977); *Garza v. State*, 532 S.W.2d 624 (Tex. Cr.App.1976).

◼ Further, even if error had been preserved, and appellant's contention had

been timely presented to the trial court, his argument is without merit. It is well established that if a defense witness testifies as to an accused's good reputation, the State is permitted, upon cross–examination, to ask if the witness has heard of specific acts of misconduct which would be inconsistent with good reputation in order to test the credibility of the witness. See *Livingston v. State*, 589 S.W.2d 395 (1979); *Hurd v. State*, 513 S.W.2d 936 (Tex.Cr.App.1974); *Brown v. State*, 477 S.W.2d 617 (Tex.Cr. App.1972). This ground of error is overruled.

The judgment is affirmed.

CLINTON, Judge, concurring.

Ground of error four, complaining of refusal to give his requested charge, is without merit, but not for the reasons the majority rules against appellant. He contends that under the terms of Article 38.22, V.A. C.C.P. in effect at the time the oral statement was made he was entitled to such charge.[1] The record reflects that shortly after he was apprehended appellant made an oral statement to Officer Quast[2] that led to recovery of items of personal property belonging to the complainant, which appellant and his brother had discarded from their automobile after raping and abandoning her in some isolated woods. The materials were admitted in evidence over objec-

tions by appellant to the oral statement, the trial court expressly stating, "The fruits is what makes it admissible." The jury was charged on voluntariness, i. e., that unless they found that appellant had been warned of his rights and knowingly, intelligently and voluntarily waived such rights prior to making the statement, then it could not consider it for any purpose. Appellant complains that the jury should have been additionally charged that it must find that the statement led to evidence which conduced to establish his guilt. Given the circumstances of this case, we do not agree, but on different bases.

In January 1975 Article 38.22, § 1(3)[3] provided that an oral "confession" made while in custody of an officer is admissible if:

"(e) It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."[4]

Thus, the oral statement made during the course of custodial interrogation was admissible against appellant as evidence of guilt when the trial court, in effect, "found [it] to be true"[5] and that it did "conduce to establish his guilt," by leading to the recovery of

---

1. The offense was committed January 25, 1975; appellant was apprehended and made his oral statement the next day; trial was held in January 1977.

2. In the words of Officer Quast, while appellant was being transported from the place of arrest to the station house:

 "I talked to Vernon [appellant], asked him if he wanted to tell me what happened, get his business straight, and he said yes. I asked him what he did with the girl's books, her papers and things, and he said he could take me to the location where they were at, which he did. We left and he gave us directions, took us to a creek on Groschke Road."

 Appellant gave an entirely different version during a *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 hearing which the trial court obviously found unworthy of belief.

3. The act that produced the present version of Article 38.22, supra, specifically provides in § 3 that it applies only to statements made on or

after its effective date, August 29, 1977. Acts 1977, 65th Leg., p. 935, ch. 348.

4. Just such personal items that were recovered from the creek, see note 2, supra, are contemplated by the statute. *Gage v. State*, 159 Tex. Cr.R. 336, 263 S.W.2d 553, 556 (1954).

5. While the "probable truth or falsity" of a statement is not a factor to be considered in determining its voluntariness, *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1964), once it has determined that issue, that the trial court must further find the oral statement to be true does not offend principles of due process. See, e. g., *Garcia v. State*, 581 S.W.2d 168, 173 (Tex.Cr. App.1979); cf. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

materials relating to commission of the offense by appellant. This exception to the general rule of exclusion of oral statements is based upon the existence of factors which operate to assure the *reliability* of such statements. Of course, any oral statement under this section of the statute is only admissible if the due process requirements of voluntariness and the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are first met. *Warren v. State*, 514 S.W.2d 458 (Tex.Cr. App.1974); *Moore v. State*, 505 S.W.2d 887 (Tex.Cr.App.1974); *Smith v. State*, 507 S.W.2d 779 (Tex.Cr.App.1974).

Former Article 38.22, supra, contained two separate and distinct directions to a trial court in charging a jury with respect to statements and confessions. Section 2 was limited to those cases "where a question is raised as to the voluntariness of a confession or statement," whereas Section 3 broadly directed an appropriate instruction on the more general law, viz:

> "3. *When the issue is raised by the evidence*, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement or confession." [6]

While we might well hold that whether an oral statement, found by the trial court to be true, "conduce[s] to establish his guilt" is a question of law solely for resolution by the trial court in determining its

admissibility,[7] the issue need not be reached for my examination of the record reveals that appellant, though he testified in his own behalf, did not present evidence to contest what he asserted was a factual issue.[8]

Accordingly, all that is written by the majority with respect to Article 38.22 after it was amended in 1977 has no application whatsoever to the instant case, and is regarded by me as pure *obiter dicta*. The Court should not undertake to decide a question of statutory construction that is not squarely presented.

---

**6.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**7.** See *Black v. State*, 491 S.W.2d 428 (Tex.Cr. App.1973); *Hardy v. State*, 496 S.W.2d 635 (Tex.Cr.App.1973). In *Scott v. State*, 434 S.W.2d 678 (Tex.Cr.App.1968), the defendant complained of the trial court's refusal to instruct the jury to make independent findings of an oral and a written confession. In rejecting the contention that the jury, as well as the trial judge, must make independent findings before the confession was read to the jury, we stated:

> "The *admissibility* of the confession is determined by the court. When found to be voluntary and admissible it may be read to the jury.
>
> The instruction to be given the jury where there is evidence before it as to voluntariness, etc., relates to their consideration of the

confession–not its admissibility. Article 38.-22, V.A.C.C.P."

**8.** The theory of his defense is that the sexual intercourse was a consensual act and that, after its consummation in a lonely wooded area some distance from habitation, the complainant, though invited to do so, refused to enter the car and ride back. While he did say that at that point he and his brother set the materials (later found in a creek) "out of the car on the side of the road and drove off" and did deny that he or his brother threw the materials in the creek, insisting that through some character of divination the officers suddenly stopped at the bridge over Groeschke Creek and ordered him to enter its waters to retrieve the books and other items, is testimony–even if credited–does not raise an issue of fact as to "conduction." Appellant has not favored us with any authority that supports his position.