Ricky Lewis HARRIS, Appellant,

v.

The STATE of Texas, State.

Nos. 2–85–137–CR, 2–85–138–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 18, 1985.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Crim. Dist. Atty., David L. Richards, Asst. Crim. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

OPINION

FENDER, Chief Justice.

Appellant was convicted in 1983 of the offense of sexual assault for which he was placed on probation for a period of ten years. *See* TEX. PENAL CODE ANN. sec. 22.011 (Vernon Supp.1985).

Appellant was indicted for another sexual assault charge, alleged to have happened on May 6, 1984. A joint trial was held on the second assault charge and the motion to revoke probation in the earlier case. Guilt or innocence in the subsequent charge was heard before a jury, which convicted appellant. Punishment on the second charge and probation revocation on the first charge were heard jointly before the court only. Punishment on the second charge was fixed at twenty years confinement; probation was revoked as to the first charge and ten years (concurrent) confinement assessed. Appeal is taken from both convictions.

Both judgments are affirmed.

In his first ground of error, appellant complains of the action of the trial court in refusing a tendered charge on the affirmative defense of consent. Proof of *lack of consent* is an integral part of the State's burden in a rape case. *See Moon v. State*, 607 S.W.2d 569, 570 (Tex.Crim.App. 1980); TEX.PENAL CODE ANN. sec. 22.-011 (Vernon Supp.1985). An examination of the court's charge in the instant case reflects that such burden was properly placed. *See Moon*, 607 S.W.2d at 570. Appellant offers no authority for his contention that such burden should be emphasized by the defensive charge submitted and refused, and we find none. The first ground of error is overruled.

In his second ground of error, appellant complains of the action of the trial court in permitting proof that appellant caused to be transmitted to the prosecutrix an offer of one thousand dollars to drop the case. Appellant claims that such testimony constitutes proof of a collateral crime. In this second ground, appellant also multifariously complains that the witness who transmitted the bribe offer also testified at trial that when asked why he did it, appellant replied "I don't know." In appellant's brief it is not clear on what ground we are asked to condemn this latter testimony other than that it was detrimental to the case of the non-testifying appellant.

Although the record would strongly indicate that neither of these alleged malfunctions was preserved by an objection similar to the grounds now asserted, we need not pass on such. Appellant's admission that he didn't know why he did what he did was not the result of custodial interrogation and was relevant to the attempted bribe and thus the case on trial. The bribe itself constitutes an effort to escape the consequences of his act as surely as if he had fled the scene to avoid capture. *See Arnott v. State*, 498 S.W.2d 166, 176 (Tex.Crim.App.1973). Appellant's second ground of error is overruled.

Since we find no error in the conviction of the second assault, the revocation of probation stands on firm ground.

The judgments of the trial court are affirmed.