TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REHEARING









NO. 03-98-00702-CR






Morris Daniel Beaver, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 97-925-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







A jury found appellant Morris Daniel Beaver guilty of aggravated sexual assault
of a child and assessed punishment at imprisonment for thirty-five years. See Tex. Penal Code
Ann. § 22.021 (West Supp. 2000). Appellant's court-appointed attorney filed a brief concluding
that this appeal is frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). 
After we affirmed the conviction on original submission, appellant filed a pro se motion for
rehearing asking for additional time to file a pro se brief. The motion was granted and appellant
has filed a pro se brief containing five points of error. We will affirm. 

Appellant contends the evidence is legally and factually insufficient to sustain the
conviction. To determine if the evidence is legally sufficient, we view all the evidence in the light
most favorable to the verdict and ask if any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324
(1979); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). The evidence is not
viewed in the light most favorable to the verdict in a factual sufficiency review. Instead, all the
evidence is considered equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. See Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no
pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and
against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly
outweighed by contrary proof as to undermine confidence in the jury's determination. See
Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). In a factual
sufficiency review, we must maintain appropriate deference to the jury's verdict by finding error
only when the record clearly indicates that the verdict is wrong and manifestly unjust. See
Johnson, slip op. at 13.

The jury found that appellant placed his penis in his three-year-old niece's mouth. 
See Penal Code § 22.021(a)(1)(B)(ii), (2)(B). The State's evidence included testimony by the
complainant and her mother (the outcry witness), and a videotape of an interview with the
complainant at the Child Advocacy Center. In addition, Sergeant Terry Dees of the Williamson
County Sheriff's Department testified that appellant admitted the offense to him during an
interview. Appellant denied making the incriminating statements and testified that he did not
commit the offense. Appellant's wife testified to conflicting statements by the complainant
following her initial outcry.

Viewing the evidence in the light most favorable to the verdict, the testimony of 
the State's witnesses is sufficient to support a finding of each element of the offense beyond a
reasonable doubt. Viewing all the evidence neutrally and giving appropriate deference to the
jury's verdict, the finding of guilt beyond a reasonable doubt is not clearly wrong or unjust. Point
of error five is overruled. 

Appellant brings forward three points of error relating to his oral statements to
Sergeant Dees. He first complains that the district court, after overruling his motion to suppress
the statement, failed to make the required written findings of fact. See Tex. Code Crim. Proc.
Ann. art. 38.22, § 6 (West 1979). We abated the appeal and remanded the cause to the district
court to make its findings. See Green v. State, 906 S.W.2d 937, 940 (Tex. Crim. App. 1995). 
The written findings are now in the record and point of error one is dismissed as moot.

Appellant contends in point of error two that the district court erred by overruling
his motion to suppress his statements to Dees. At a pretrial hearing, Dees testified that he called
appellant a few days after the complainant's initial outcry and made an appointment for an
interview. Appellant came to the sheriff's office at the appointed time. Dees took appellant to
an interview room and introduced him to a second officer who witnessed the interview. Dees told
appellant that he was not under arrest, was free to leave at any time, and would not be arrested 
no matter what he said during the interview. The door to the interview room was closed but
unlocked. Appellant initially denied committing the act described by the complainant. But, after
he and Dees discussed hypothetically what should happen to a man accused of such an act,
appellant began to cry. Dees testified, "And I asked him if this was the only time he'd done this
to [the complainant], and he said 'Yes.' And then I asked him, 'Then it did happen, didn't it?' 
And he said 'Yes.' And then, a short time later, he said 'I just don't want to go to jail.'"
Appellant told Dees that he had nothing more to say and was then allowed to go home with his
wife. Dees subsequently obtained a warrant for appellant's arrest, and appellant voluntarily
surrendered three days after the interview.

The district court's findings of fact are consistent with Dees's testimony as
summarized above. The court concluded that appellant was not in custody during the interview
and that his statements were made voluntarily. We defer to the court's findings of fact that are
supported by the record, but we review de novo its conclusions of law. See Hernandez v. State,
957 S.W.2d 851, 852 (Tex. Crim. App. 1998) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997)). The State had the burden to prove the voluntariness of appellant's statements
by a preponderance of the evidence. See State v. Terrazas, 4 S.W.3d 720, 725 (Tex. Crim. App. 
1999).

Appellant challenges the court's finding that he was not in custody during the
interview. Whether a statement is the product of a custodial interrogation must be determined on
an ad hoc basis after considering all of the objective circumstances. See Dowthitt v. State, 931
S.W.2d 244, 255 (Tex. Crim. App. 1996). Stationhouse questioning does not, in itself, constitute
custodial interrogation. See id. The subject of such questioning will be deemed to be in custody
only if his freedom of movement was restrained "to the degree associated with an arrest" or if
there was a "manifestation of probable cause [by the interrogating officer], combined with other
circumstances, [that] would lead a reasonable person to believe that he is under restraint to the
degree associated with an arrest." See id. 

It was undisputed at the suppression hearing that appellant voluntarily went to the
sheriff's office at the appointed time, was immediately told that he was not under arrest, and was
allowed to leave after the thirty-minute interview. The only evidence cited by appellant to support
his assertion that he was in custody is his trial testimony that the door to the interview room was
locked. Dees testified at the suppression hearing that the door was closed, but unlocked. Giving
the district court's fact findings the deference they are due, we conclude that the evidence supports
the conclusion that appellant was not in custody. See Oregon v. Mathiason, 429 U.S. 492, 493-95
(1977) (holding on similar facts that interview was noncustodial); Meek v. State, 790 S.W.2d 618,
621-22 (Tex. Crim. App. 1990) (same). 

Appellant also contends his statements to Dees were coerced by the officer. Once
again, appellant refers to his trial testimony rather than to any evidence at the suppression hearing. 
Appellant testified that Dees leaned over him and told him, "Go ahead and tell me. Come on. 
I know you did this." According to appellant, Dees hit him on the leg. And appellant again
asserts that the door to the interview room was locked. Dees's suppression hearing testimony
contradicts each of appellant's factual assertions. We must defer to the district court's evaluation
of the credibility and demeanor of the witnesses. See Hernandez, 957 S.W.2d at 852. The
evidence supports the conclusion that appellant's noncustodial statements were voluntary. Point
of error two is overruled.

In point of error three, appellant urges that the district court erred by failing to
instruct the jury on the law pertaining to his oral statements. See Tex. Code Crim. Proc. Ann.
art. 38.22, § 7 (West 1979) ("When the issue is raised by the evidence, the trial judge shall
appropriately instruct the jury, generally, on the law pertaining to such statement."). Specifically,
appellant contends the court should have instructed the jury regarding section 3(a) of the statute,
which requires an oral statement made during custodial interrogation to be recorded. See id., art.
38.22, § 3(a) (West Supp. 2000). Appellant did not request such an instruction or object to its
absence.

Article 38.22, section 7 has been held to apply only when a question is raised as
to the voluntariness of a statement. See Terrazas, 4 S.W.3d at 725; Janecka v. State, 937 S.W.2d
456, 471 (Tex. Crim. App. 1996); Moon v. State, 607 S.W.2d 569, 571-72 (Tex. Crim. App.
1980). But see Corwin v. State, 870 S.W.2d 23, 34 n.15 (Tex. Crim. App. 1993) (discussing
possible alternative meaning). Section 7 does not contemplate submission to the jury of any and
every dispute regarding the mechanical or technical requisites of the statute. See White v. State,
779 S.W.2d 809, 827 (Tex. Crim. App. 1989). We find nothing in article 38.22 or in the record
before us that would require the district court to instruct the jury in this cause regarding the
requirements of section 3(a). Point of error three is overruled.

Finally, appellant contends the district court "violated [his] statutory right to an
adequate witness competency evaluation" before permitting the complainant to testify. The court
conducted a pretrial hearing on the reliability of the complainant's outcry. See Tex. Code Crim.
Proc. Ann. art. 38.072, § 2(b)(2) (West Supp. 2000). The court combined this with a hearing on
the competence of the then four-year-old complainant to testify. See id., art. 38.072, § 2(b)(3)
(admissibility of outcry conditioned on availability of child to testify); see also Tex. R. Evid.
601(a)(2) (competence of children as witnesses). The complainant's mother testified and was
cross-examined as to both matters. The court viewed the videotaped interview of the complainant
but did not question her at the hearing. The court determined that the outcry statement was
reliable and that the complainant was competent to testify. Appellant did not object to the
procedure employed or challenge either ruling.

A child is competent to testify unless it appears to the court that the child does not
possess sufficient intellect to relate the transaction about which she will testify. See Dufrene v.
State, 853 S.W.2d 86, 88 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). The competence
of a child witness is a question for the trial court and its ruling will not be disturbed on appeal
unless an abuse of discretion is shown. See Watson v. State, 596 S.W.2d 867, 871 (Tex. Crim.
App. 1980). The complainant was a difficult witness, as would be expected of a four-year-old
child. But she appeared able to understand the questions, to recollect the events, and to
communicate her answers. She also seemed to recognize her responsibility to tell the truth. See
Tex. R. Evid. 603. Keeping in mind that the district court had the advantage of observing the
demeanor of the child, we find no abuse of discretion in permitting her to testify. Point of error
four is overruled.

The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: May 18, 2000

Do Not Publish



ing testimony
contradicts each of appellant's factual assertions. We must defer to the district court's evaluation
of the credibility and demeanor of the witnesses. See Hernandez, 957 S.W.2d at 852. The
evidence supports the conclusion that appellant's noncustodial statements were voluntary. Point
of error two is overruled.

In point of error three, appellant urges that the district court erred by failing to
instruct the jury on the law pertaining to his oral statements. See Tex. Code Crim. Proc. Ann.
art. 38.22, § 7 (West 1979) ("When the issue is raised by the evidence, the trial judge shall
appropriately instruct the jury, generally, on the law pertaining to such statement."). Specifically,
appellant contends the court should have instructed the jury regarding section 3(a) of the statute,
which requires an oral statement made during custodial interrogation to be recorded. See id., art.
38.22, § 3(a) (West Supp. 2000). Appellant did not request such an instruction or object to its
absence.

Article 38.22, section 7 has been held to apply only when a question is raised as
to the voluntariness of a statement. See Terrazas, 4 S.W.3d at 725; Janecka v. State, 937 S.W.2d
456, 471 (Tex. Crim. App. 1996); Moon v. State, 607 S.W.2d 569, 571-72 (Tex. Crim. App.
1980). But see Corwin v. State, 870 S.W.2d 23, 34 n.15 (Tex. Crim. App. 1993) (discussing
possible alternative meaning). Section 7 does not contemplate submission to the jury of any and
every dispute regarding the mechanical or technical requisites of the statute. See White v. State,
779 S.W.2d 809, 827 (Tex. Crim. App. 1989). We find nothing in article 38.22 or in the record
before us that would require the district court to instruct the jury in this cause regarding the
requirements of section 3(a). Point of error three is overruled.

Finally, appellant contends the district court "violated [his] statutory right to an
adequate witness competency evaluation" before permitting the complainant to testify. The court
conducted a pretrial hearing on the reliability of the complainant's outcry. See Tex. Code Crim.
Proc. Ann. art. 38.072, § 2(b)(2) (West Supp. 2000). The court combined this with a hearing on
the competence of the then four-year-old complainant to testify. See id., art. 38.072, § 2(b)(3)
(admissibility of outcry conditioned on availability of child to testify); see also Tex. R. Evid.
601(a)(2) (competence of children as witnesses). The complainant's mother testified and was
cross-examined as to both matters. The court viewed the videotaped interview of the complainant
but did not question her at the hearing. The court determined that the outcry statement was
reliable and that the complainant was competent to testify. Appellant did not object to the
procedure employed or challenge either ruling.

A child is competent to testify unless it appears to the court that the child does not
possess sufficient intellect to relate the transaction about which she will testify. See Dufrene v.
State, 853 S.W.2d 86, 88 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). The competence
of a child witness is a question for the trial court and its ruling will not be disturbed on appeal
unless an abuse of discretion is shown. See Watson v. State, 596 S.W.2d 867, 871 (Tex. Crim.
App. 1980). The complainant was a difficult witness, as would be expected of a four-year-old
child. But she appeared able to understand the questions, to recollect the events, and to
communicate her answers. She also seemed to recognize her responsibility to tell the truth. See
Tex. R. Evid. 603. Keeping in mind that the district court had