**Affirmed and Memorandum Opinion filed August 28, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00643-CR

---

**CHRISTOPHER WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1301887**

---

## M E M O R A N D U M   O P I N I O N

Following a jury trial, appellant Christopher Washington was found guilty of the first-degree felony offense of injury to a child and sentenced to fifty-five years' imprisonment and fined $10,000. In this appeal, appellant challenges the legal sufficiency of the evidence to support his conviction and the trial court's denial of appellant's motion for mistrial.

## BACKGROUND

At the time of the events leading to his indictment, appellant lived with his wife, Syreeta Franklin, and five children in an apartment in Harris County. Among these children was twenty-one-month-old S.C.

On April 6, 2011, an emergency call reporting a cardiac arrest came from appellant's apartment. Paramedics testified that, when they arrived, they observed appellant walking away from the location, occasionally glancing over his shoulder. Once inside the residence, the paramedics found S.C. unconscious with Franklin attempting CPR. S.C. was ultimately transferred by the paramedics to the Texas Children's Hospital, where she died. The cause of death was blunt head trauma. The autopsy report revealed numerous abrasions, scars, and bruises on S.C.'s body, evidence of both recent injuries and injuries which were at least two days old, and subdural hemorrhaging.

Shortly after S.C. had been taken to the hospital, Officer David Fairrington of the Houston Police Department found appellant picking some of his children up from school. Fairrington's superiors ordered him to return appellant to the apartment complex and detain him until investigators arrived.

Fairrington testified that appellant gave voluntary statements while sitting in the patrol car in the apartment parking lot. According to Fairrington, Appellant claimed that he was asleep in his apartment when he received a phone call from his wife, who needed a ride home from work. Appellant then began getting his children ready to leave so that he could pick up his wife from her work. Appellant told Fairrington that he had walked by the children's room and "something had happened." Appellant claimed that he noticed that S.C. was in a state of seizure, and he stated that he "should have called 911 faster."

2

Testimony indicated that appellant agreed to be transported to the police station, though he was informed that he was not under arrest and was free to go at any time. At the police station, appellant voluntarily gave a video-recorded interview in which he stated that S.C. was in his care the day she died, that he threw her up and down in the air, that he threw her to the floor three or four times, and that he threw her down too hard. Appellant claimed that S.C. landed on her head and on her face, and that she cried, started shaking, vomited, and became limp. Appellant stated that he should have called the paramedics sooner. Additionally, appellant stated that S.C. had urinated and defecated on the floor, he got mad, and "things got out of hand."

At some point after being detained, appellant sent a letter to a Child Protective Services worker in which he claimed that he had previously "not been completely truthful about the accounts of that day." The letter was admitted into evidence. In the letter, appellant stated that Franklin came home from work upset and grabbed S.C.'s arm. Appellant grabbed S.C.'s other arm, and Franklin jerked S.C. toward her. Appellant let go, and S.C.'s head hit the wall. Appellant stated that S.C. then tightened her fist like she was having a seizure and stopped breathing.

A jury found appellant guilty of the felony of intentionally or knowingly causing serious bodily injury to a child younger than fifteen years of age. This appeal followed.

## ISSUES AND ANALYSIS

On appeal, Appellant raises two issues. In his first issue, appellant contends that the evidence is legally insufficient to support his conviction. In his second issue, appellant contends that the trial court abused its discretion in denying his motion for mistrial.

3

**I.** **Legal Sufficiency of the Evidence to Support Appellant's Felony Conviction of Injury to a Child**

### A. Standard of Review

When reviewing the sufficiency of the evidence, we ask whether, taking the evidence in a light most favorable to the prosecution, a reasonable trier of fact could establish every element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This court does not act as a thirteenth juror and does not substitute its judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we defer to the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, our duty as a reviewing court is to ensure that the fact finder acted rationally. *Id.*

### B. Analysis

Appellant was convicted of the first-degree felony offense of injury to a child:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
>
> (1) serious bodily injury;
>
> . . .
>
> (c) In this section:
>
> (1) "Child" means a person 14 years of age or younger.
>
> . . .
>
> (e) An offense under Subsection (a)(1) or (2) or (a-1)(1) or (2) is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly, the offense is a felony of the second degree.

Tex. Penal Code § 22.04. A person acts intentionally when "it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* at § 6.03(a). A person acts knowingly when "he is aware that his conduct is reasonably certain to cause the result." *Id.* at § 6.03(b). Serious bodily injury is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at § 1.07(46).

It is not contested that the twenty-one-month old S.C. sustained serious injuries that resulted in her death while she was in appellant's care. Appellant's sole argument is that the evidence is not legally sufficient to establish that he caused the injuries because the video recording of his interview with the police should not have been admitted into evidence. To this end, appellant asserts that the video interview was custodial rather than voluntary, and therefore he should have been read his *Miranda* rights. Appellant does not challenge the trial court's ruling on the motion to suppress the recording of the interview. Instead, appellant asserts that, without the video recording, the evidence is legally insufficient to support his conviction.

In a legal sufficiency challenge, we consider all evidence on record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (citing *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)). Therefore, even assuming the video recording was improperly admitted, we must consider it as part of the record evidence in assessing the legal sufficiency of the evidence supporting appellant's conviction. *See Id*; *see also Hutchison v. State*, 424 S.W.3d 164, 171 (Tex. App.—Texarkana 2014, no pet.) (stating that the admissibility of incriminating statements is not relevant to the issue of the evidence's sufficiency to establish appellant's knowing possession of controlled

substances).

Considering all evidence in the record, a rational jury could find beyond a reasonable doubt that appellant knowingly or intentionally caused the death of S.C. The record establishes that S.C. was in the care of appellant when she suffered injury, that appellant acted suspiciously when the paramedics arrived, that appellant gave conflicting accounts as to the events of that day, and that appellant admitted to having thrown S.C. to the ground several times. Appellant's admission is further corroborated by testimony of the medical examiner that S.C.'s injuries were consistent with being thrown to the ground several times.

After viewing this evidence in the light most favorable to the verdict, we determine that the evidence is legally sufficient to support the conviction of appellant. Appellant's first point of error is overruled.

## II. Trial Court's Denial of Motion for Mistrial

In his second issue, appellant argues that the trial court erred in denying his motion for mistrial.

Appellant moved for a mistrial after the state played a portion of an audio-recorded interview—separate and distinct from the video-recorded interview described above—that was subsequently deemed by the trial court to be inadmissible. At trial, a police officer testified that after being detained, appellant had written a letter requesting to speak to the police. The officer spoke with appellant, and this interview was recorded on audio tape. Part of this recorded interview was played before the jury. The trial court ultimately stopped the recording short and found it inadmissible because appellant had not requested by letter to speak to with the police, contrary to the officer's belief, and appellant's attorney was neither alerted of nor present at the interview. The portion of the interview that was played before the jury contained only appellant being read his

6

*Miranda* rights. The trial court denied appellant's motion for mistrial, but did instruct the jury to disregard the tape and the officer's testimony.

### A. Standard of Review

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* Three factors are balanced to determine whether the trial court abused its discretion in denying a motion for mistrial: (1) the severity of the misconduct; (2) curative measures; and (3) the certainty of the conviction absent the misconduct. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998); *Kacz v. State*, 287 S.W.3d 497, 509 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

### B. Analysis

In applying these factors, we conclude that the trial court did not abuse its discretion in denying appellant's motion for mistrial.

The prejudicial effect of the jury hearing the beginning of the audio interview was minimal as it only contained audio of appellant being read his *Miranda* rights. Appellant urges that by hearing the warnings, the jury could incorrectly assume that the video interview that we discussed in appellant's first issue also contained such warnings when, in fact, it did not, giving "unearned legitimacy" to the video interview. But appellant does not challenge the trial court's determination in its ruling on his motion to suppress that the video interview was admissible. And, the trial court is the sole judge of credibility of witnesses as well as the weight to be given their testimony at a hearing on the voluntariness of a confession. *Miniel v. State*, 831 S.W.2d 310, 315 (Tex. Crim. App. 1992). The issue of "unearned legitimacy" for the video interview was not

7

before the jury. *See Moon v. State*, 607 S.W.2d 569, 572 (Tex. Crim. App. [Panel Op.] 1980) ("The admissibility of the confession is determined by the court.").

Even so, the trial court cured any defect by instructing the jury to not consider the tape or testimony about the tape. Limiting instructions are generally considered sufficient to cure improprieties in trial, because it is presumed that a jury will follow the judge's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). In this case, we have no reason to believe that the jury did not follow the trial court's instruction to disregard the audio recording.

Finally, the evidence against appellant—excluding the audio recording— was such that the certainty of his conviction was high. The jury had ample testimony, medical records, and an incriminating video recording from which it could base the conviction.

Because the audio recording, at most, had negligible prejudicial effect and the trial court gave limiting instructions that presumptively cured any prejudice, and the conviction was reasonably certain without the audio recording, we determine that the trial court did not abuse its discretion in denying appellant's motion for mistrial. *See Hawkins*, 135 S.W.3d at 77. Appellant's second issue is overruled.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/          Ken Wise
             Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).