

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,092

**HECTOR ACOSTA, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM CAUSE NO. 1513043D IN THE 396TH JUDICIAL DISTRICT COURT TARRANT COUNTY

**KELLER, P.J., filed a concurring opinion.**

The Court cites *Moon v. State*[1] for the proposition that Article 38.22, Section 3(c) instructions never belong in the jury charge. But *Moon* is an anomaly, and it is not consistent with our more recent cases. Section 3(c) is as much a part of "the law pertaining to such statement"[2] for jury-instruction purposes as other parts of Article 38.22 are. Not instructing the jury on Section 3(c)

---

[1] 607 S.W.2d 569, 572 (Tex. Crim. App. 1980).

[2] *See* TEX. CODE CRIM. PROC. art. 38.22, § 7.

when it is raised defeats the whole purpose of that statute.

Ordinarily, the trial judge, not the jury, decides the admissibility of evidence in a criminal case. But some Texas statutes allow a defendant to also submit certain admissibility-of-evidence issues to the jury under certain circumstances, usually when there is a disputed issue of fact on which admissibility turns.[3] In that situation, the judge may resolve the issue of fact against the defendant for purposes of deciding that the evidence is admissible but then submit the issue to the jury for it also to make a determination on that issue of fact. One statute that authorizes this practice is Article 38.22, which addresses the admissibility of statements made by a defendant in custody.[4]

Article 38.22 has two sections that authorize jury instructions: Sections 6 and 7.[5] Section 7 is the provision authorizing jury instructions with respect to warnings.

Article 38.22, § 7 says:

> When an issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement.[6]

In *Oursbourn*, we described a "§ 7 warnings instruction" as "involving warnings given under §2 and § 3."[7] We explained, "The Section 7 instruction sets out the requirements of 38.22, § 2 or § 3 and asks the jury to decide whether all of those requirements were met."[8] We further said that "[t]he

---

[3] *See Oursbourn v. State*, 259 S.W.3d 159, 176-78 (Tex. Crim. App. 2008) (discussing TEX. CODE CRIM. PROC. arts. 38.22, 38.23).

[4] *See* Art. 38.22, §§ 2, 3, 7.

[5] *See id.*, §§ 6, 7.

[6] *Id.*, § 7.

[7] 259 S.W.3d at 173.

[8] *Id.*

obvious purpose of Section 7 is to authorize and require jury instructions regarding the warnings and safeguards for written and oral statements outlined in Article 38.22, §2 & § 3."[9]

The content of any jury instruction given pursuant to Section 7 depends on other parts of Article 38.22, namely Sections 2 and 3. Because oral statements are at issue here, Section 3 is the relevant part of the statute to look at in Appellant's case. Section 3(a) includes a warnings requirement,[10] but Section 3(c) says, "Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused."[11]

The Court cites *Moon*, but that case is a flawed aberration that precedes our more modern caselaw. *Moon* involved the unusual situation in which the *defendant* sought to have a Section 3(c) instruction included.[12] The defendant seemed to have contended that Section 3(c) imposed an additional requirement on the jury to find that the confession led to evidence showing his guilt in order for the jury to consider that confession.[13] That contention misconstrued how Section 3(c) is designed to work. Section 3(c) is not a basis for excluding a statement but is a reason for admitting a statement despite the failure to comply with other requirements. Including a Section 3(c) instruction could only have been to Moon's detriment because it would have allowed the jury to

---

[9] *Id.* at 175.

[10] Art. 38.22, § 3(a)(2) (referring to warnings sect out in § 2).

[11] *Id.*, § 3(c).

[12] 607 S.W.2d at 570-71.

[13] *Id.* at 571 ("Appellant complains that the jury should have been additionally charged that they must also find that the statement led to evidence which conduced to establish his guilt.").

consider a statement that it otherwise could not consider. The odd way in which the Section 3(c) issue arose in *Moon* calls for caution in evaluating the Court's statements in that case.

Also, in suggesting that Section 3(c) was not part of the jury instructions, *Moon* read Sections 6 and 7 together.[14] But that reading appears to be inconsistent with our later *Oursbourn* opinion.[15]

The *Moon* court said that Section 3(c) "deals only with the legal issue of the admissibility of the oral statement, which is a question of law to be determined by the trial court."[16] That statement seems nonsensical, since the entirety of Section 3 deals with the admissibility of an oral statement and none of it is incorporated as a jury instruction except by Section 7's admonition that the jury be instructed on "the law pertaining to such statement."[17] *Moon* was decided before the advent of our modern statutory construction rule in *Boykin*,[18] and if one looks at the plain meaning of the statutory language, as *Boykin*, requires,[19] there is no basis for saying that Section 3(c) is not part of "the law pertaining to such statement."

In fact, it is hard to see the point of Section 3(c) if it relates only to admissibility and not to the jury instructions. The legislature has determined that certain oral statements are admissible—and so should be considered by the jury—if Section 3(c) is met. Section 3(c) is an exception to all of

---

[14] *Id.* at 571-72.

[15] *See Oursbourn*, 259 S.W.3d at 174 ("Article 38.22, § 6 is a very detailed section that is essentially independent of other sections contained within Article 38.22.").

[16] 607 S.W.3d at 572.

[17] *See* Art. 38.22, § 7.

[18] *Boykin v. State*, 818 S.W.2d 782 (Tex. Crim. App. 1991).

[19] *See id.* at 785.

Section 3(a)—not only to the warnings requirement but also to other requirements, such as the requirement that an oral statement be electronically recorded.[20] If evidence is admitted because of Section 3(c), but Section 3(c) is deemed irrelevant to the jury instructions, then the jury could be required to disregard evidence that the legislature has said the jury should consider.

Ultimately, I agree with the Court that the record demonstrates that Appellant was given adequate warnings. So in this case, we need not address whether *Moon* remains viable because we can just assume, without deciding, that the inclusion of Section 3(c) instructions was error. I would refrain from suggesting that *Moon* is still good law.

I concur in the disposition of point of error four and otherwise join the Court's opinion.

Filed: June 5, 2024

Publish

---

[20] *See* Art. 38.22, § 3(a), (c).